By the Court,

Cowen, J.
The statute upon which the decision of the common pleas proceeded is thus: “ Upon every process issued for the purpose of compelling the appearance of the defendant to any action for the recovery of any penalty or forfeiture, shall be endorsed a general reference to the statute by.which such action is given, in the following form; 1 according to the provisions of the statute regulating the rate of interest on money,’ or 1 according to the provisions of the statute concerning sheriffs,’ as the case may require, or in some other general terms referring to such statute” (2 R. S. 481, §7). It is impossible to say, with any thing like precision, in what form the endorsement in this case should have been made. In one of the examples given by the act, that of “ the statute concerning sheriffs,” the endorsement would be confined in its reference neither to section, title, article, nor even part nor volume of the statute book; for the provisions concerning sheriffs are probably more multifarious and diversified in their objects than those relating to any other officer or subject. I [87] think, however, we must say, that the object of the statute was to give the defendant notice, by endorsement, of the offence for which he is prosecuted. The endorsement in question answers no such object. The statute “ of the internal police of the state” (1 R. S. 612 to 717, 1st ed. and 621 to 712, 2d ed.J runs through about 100 pages. It contains twenty-one titles, all relating to objects entirely distinct and disconnected, and several of them imposing a great variety of penalties to be collected by the overseers of the poor. How was it possible, under this endrrsement, for the defend *52 ant to know the action was for violating the excise law, tit. 9, or the statute against gaming, tit. 8, art. 3? Both give penalties to the overseers which may he of the same amount. The reference here would have been quite easy to title 9, which would probably have been sufficient, because it relates to the excise and regulates inns and taverns. It would, however, have been still better, had the precise section been named. As the endorsement stood, it was the merest evasion of what the statute requiring it must have intended. To disregard this objection would be to repeal the statute.
But it is said the defendant waived the objection by pleading over. Not so. He made a specific objection in due season, and that being overruled, he was compelled to plead or give up all he had to say on the merits. Resistance, to the extent of a man s power, is certainly a new kind of waiver.
The court below were clearly right, and the judgment must be affirmed.