[ *113 ]        BENNETT *vs.* INGERSOLL.

A court of common pleas in *an appeal case*, are bound to pronounce on all *questions of law* raised and passed upon in the court below. Where such court refused to hear and decide upon a question of the *sufficiency of an affidavit*, presented upon the application for an attachment in the court below, and such affidavit was in fact *insufficient*, the judgment of the common pleas was reversed.

*It seems,* a party may sue out an *attachment* from a justice's court, although his demand exceed the jurisdiction of the court, provided that the sum for which judgment be *claimed* is within its jurisdiction.

ERROR from the Tompkins common pleas. Ingersoll commenced a suit by *attachment* against Bennett in a justice's court. He made affidavit that Bennett was justly indebted to him on demands arising upon contract, in the

sum of $200, over and above all discounts, &c. and that the application made by him for *four attachments of fifty dollars each*, was made on the ground that Bennett had departed from the county, and removed and disposed of his property, with intent to defraud his creditors, *as the deponent believed*. The affidavit did not state *the facts and circumstances* upon which the application was founded. 2 *R. S.* 230, § 28. The justice thereupon issued *an* attachment, the parties appeared before him, the plaintiff declared upon an order for the payment of money, and demanded $50 or under. The defendant moved that the proceedings be set aside, on the following grounds : 1. That the plaintiff having sworn to an entire demand of $200, could not split it up ; and 2. That the *affidavit* upon which the attachment had issued, was insufficient, in not setting forth the facts and circumstances upon which the application for an attachment was founded. The justice denied the motion. The defendant thereupon joined issue and went to trial, and the justice rendered a judgment against him for $49,49. The defendant removed the cause by *appeal* to the Tompkins common pleas, and on the cause coming on to a hearing in that court, moved that the proceedings before the justice be held as of no effect, or that the plaintiff be non-suited *for the insufficiency of the affidavit*. The court denied [ *114 ] the motion, and directed a jury to be empanelled to try the issues of fact joined before the justice. The defendant excepted to the decision of the court. The cause was tried and a verdict found for the plaintiff. The defendant sued out a writ of error.

*Ben Johnson*, for the plaintiff in error.

*J. Holmes*, for the defendant in error.

*By the Court*, NELSON, Ch. J. It was intended by the legislature that by the appeal, the cause should be transferred bodily from the justice to the common pleas, and a trial *de novo* take place between the parties upon the issues formed by the pleadings below. But after the cause is thus removed, and in possession of the court, it must surely have the power to entertain any motion, that may properly arise upon the facts, and which goes to the foundation of the action.

The objection to the affidavit was fatal to the whole proceedings. 16 *Wendell*, 562, *and cases*. *See also* 13 *id.* 46. Whether the judgment on the appeal would have been any better than the one before the justice, it is not material now to examine. The question before the justice was one of law, and might, perhaps, be regarded in the light of an issue in law there, which he should have decided for the defendant ; and regarding the manner in which objections of this nature are entertained on *certiorari*, the fact of

the defendant's being compelled to plead, should not here be deemed a waiver of the point. 17 *Wendell*, 85. The appellate court, then, should have entertained this question, and reversed the judgment below for the error in the affidavit.

The affidavit shewing an indebtedness in $200, when the jurisdiction of the justice extended only to $50, was, perhaps, well enough, as the plaintiff claimed only the latter amount. Certainly he could not split his demands and take out four attachments ; a recovery on one would extinguish the entire demand. This point, however, does not appear in the case.

Judgments reversed.