JOSEPH NICKERSON et al., Respondents, *v.* EMIL RUGER et al., Appellants.

In an action upon a promissory note, where the makers allege and prove, that the note was executed for the accommodation of the indorser, and was by the latter fraudulently diverted from the use intended, the burden is upon the defendant to show that he is a *bona fide* holder for value, without notice.

An erroneous ruling, as to the burden of proof, is not cured by the fact that the party, upon whom the burden is improperly imposed, ineffectually attempts to make a case under the ruling; he may rest upon his exception, but it is not waived or its force impaired by his attempting to comply with the erroneous ruling.

In an action upon a note the makers admitted the execution thereof by them, but denied the indorsement by the payee, and alleged that the note was not made for value, but was fraudulently obtained by the payee, and that the plaintiff was not a holder for value. On the trial plaintiff's book-keeper, called by them as a witness to prove the indorsement, on cross-examination, testified, in substance, that he received the note before maturity, and that he gave nothing when he received it. On re-direct examination he testified, that for the note he surrendered a short time after he received it, two other notes of the payees held by

plaintiffs, which had been protested. Defendants offered to prove that the note was given without consideration, it having been sent by them to the payee to take up another note given as collateral security, for his accommodation, and that he did not take up the other note; this was objected to, upon the ground " that defendants had not laid any foundation for the evidence, by showing that plaintiffs were not innocent holders for value. The objection was sustained. *Held,* error; that if the offered proof had been made the burden would have been cast upon plaintiffs to show that they were *bona fide* holders for value; and that defendants did not lose the benefit of their exceptions by giving other evidence in an ineffectual attempt to lay a foundation for the rejected testimony in accordance with the ruling of the court.

(Submitted February 5, 1879; decided February 18, 1879.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiffs, entered upon a verdict directed by the court.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Charles S. Spencer,* for appellants. The burden was upon plaintiffs to show they were *bona fide* holders of the note in suit. (*King* v. *Fitch,* 1 Keyes, 447; *De Joe* v. *Brandt,* 53 N. Y., 462; *Weaver* v. *Barden,* 49 id., 298; *Barnard* v. *Campbell,* 55 id., 456; 58 id., 73; *Pringle* v. *Phillips,* 5 Sandf., 157; *Danforth* v. *Dart,* 4 Duer, 101; 58 N. Y., 76; 55 id., 493.) The plaintiffs are not innocent holders for value. (*Coddington* v. *Bay,* 20 J. R., 646.)

*Wm. W. Goodrich,* for respondents. Plaintiffs were innocent *bona fide* holders for value before maturity. (*Swift* v. *Tyron,* 16 Pet., 1; *Collins* v. *Gilbert,* 5 N. Y. W. Dig., 168; *Park Bank* v. *Watson,* 42 N. Y., 490; *Day* v. *Saunders,* 1 Abb. Ct. App. Dec., 495; *Bank State of New York* v. *Vanderporst,* 32 N. Y., 553; *Brown* v. *Leavitt,* 31 id., 114; *Chrysler* v. *Renvis,* 43 id., 209; *Paddon* v. *Taylor,* 44 id., 371; 1 Pars. on Bills, 196.)

DANFORTH, J. The action is upon a promissory note, dated June 21, 1875, purporting to be made by the defend-

ants, Emil Ruger, William Ruger and Richard Garry, under the name of Ruger Bros. & Co., payable to the order of Isaac Taylor, four months after date. The plaintiffs claim as Taylor's indorsees. The makers and indorsees were all sued. The makers alone defended. They admitted by their answer the execution of the note, but denied that Taylor had indorsed it, and set up as an affirmative defense that the note was not made for value, but was fraudulently obtained from them by Taylor; that the plaintiffs were not holders for value, and had no property in the note.

Upon the trial the plaintiffs called as a witness their book-keeper, one Goodale, and proved by him that the indorsement upon the note was in the handwriting of Taylor, the payee. He was then cross-examined by the defendant's counsel, and testified that he was not present when the indorsement was made, and could not say positively when he first saw the note, " but should say from a month to six weeks before its maturity; " that he received it from Lambert & Hitchcock, by the hand of F. N. Lambert, the senior partner, and it then had on it the indorsement of Taylor; that it was not indorsed by Lambert & Hitchcock; and that he gave them nothing back when he received the note. And then being examined on the subject by plaintiff's counsel, was asked this question: " You stated that at the particular moment when the note in suit was handed to you, you gave nothing back; did you, for that note, surrender anything, and if so, what ? " The witness replied: " I did surrender two notes of Isaac Taylor for $1,500 each, that were pro-tested, and I surrendered them for this note of Ruger Brothers." He could not state the date, but says " it was within a short time after we received the note of Mr. Ruger;" that " each $1,500 note was indorsed by Lambert & Hitchcock; we received them, discounted them, and they became due and were protested; there was then due upon them a little less than $3,200." The defendants proved, by the further cross-examination of this witness, that Lambert & Hitchcock had paid the plaintiffs upon the note in suit $1,740.60.

The plaintiffs then rested, and William Ruger, one of the defendants, was sworn as a witness for himself and co-defendants, and testified that the note was executed in New York and sent by the makers to Isaac Taylor. He was then asked, " Did you receive any consideration for it ? " and answered, " No, sir." The plaintiff's counsel then moved to strike out the last answer and objected to the testimony as immaterial. The motion was granted and objection sustained. He was then asked to state all the facts connected with the making of the note and sending it to Mr. Taylor. This was objected to as immaterial and the objection sustained. The counsel for the defendants then said, " I offer to prove that this note was sent to Taylor to take up another note which was given him as collateral security for the payment of some debts, and that he didn't take up that note at all." This was " objected to by plaintiffs as immaterial, also that defendants had not laid any foundation for the evidence by showing that plaintiffs were not innocent holders for value ; " the objection was sustained and defendants excepted.

We think the exception was well taken. At the close of the plaintiffs' case they had, by the admission in the answer, proof of Taylor's indorsement and production of the note, established a *prima facie* case, and, for the time being, their own title and right to recover, and the defendants' liability. But if the facts offered in evidence by the defendants had been proved, the latter would have established, not merely that the note was without consideration and made for the accommodation of Taylor, but that it was fraudulently put in circulation and diverted from the use intended. It would then have been necessary for the plaintiffs to prove, if they could, that they were *bona fide* holders of the note for value or fail in the action. (*Farmers and Citizens' Bank* v. *Noxon*, 45 N. Y., 762; *Wardell* v. *Howell*, 9 Wend., 170; *Ross* v. *Bedell*, 5 Duer, 462, 467.) Nor can we concur with the court below in the opinion that this ruling did not prejudice the defendants. It is true that after the evidence

offered had been excluded, the witness Goodale was re-called by the defendants' counsel, apparently for the purpose of laying the foundation indicated by the ruling of the court as necessary, and further examined in regard to the transaction relating to the two $1,500 notes of Taylor, and while his evidence was not as clear and decided as might be desired it did tend to prove that these notes were given up before the maturity of the note in suit, but not on the day it was received by the witness; he thought it was the same month, but was not positive. His testimony is, however, wavering and uncertain. The court below, in considering the question presented by the exception, regard the evidence as uncontradicted and as showing that the plaintiffs parted with the two Taylor notes before the maturity of the note in suit, and in consequence that the plaintiffs are not to be regarded as holders of the note, subject to the equities between Taylor and the defendants. But we think the error in the ruling was not cured. By it the burden of proof was changed, and the defendants deprived of the advantage to which they were entitled. If the facts offered in evidence had been received and no further proof introduced, the plaintiffs would not have been entitled to a verdict. The defendants should not lose the benefit of the exception, because after an adverse ruling, which deprived them of the benefit of the evidence, they went on with the witness and sought, ineffectually, to make a case which would enable them to get in their testimony. They did not waive the exception, nor was its force impaired because their counsel did not give up further inquiry. He might have done so, but he lost nothing by attempting, as he did after exception, to comply with the erroneous ruling of the court. (*Avery* v. *Slack*, 17 Wend., 85; *Simpson* v. *Watrous*, 3 Hill, 619; *Worrall* v. *Parmelee*, 1 N. Y., 519; *Gates* v. *Ward*, 17 Barb., 424.)

As the case stood, there was no question for the jury and the court did not err in directing a verdict for the plaintiffs, but if the facts stated in defendants' offer had been proved, it would have been the clear duty of the court to submit

the question to the jury in order that they might determine whether the note was diverted, as the defendants alleged, and if so, to what extent the plaintiffs had paid value for it. For only to that extent could the plaintiffs recover, and not for that even, if the defendants could affect them with notice.

For the error above considered the judgment should be reversed and a new trial granted, costs to abide event.

All concur, except FOLGER and EARL, JJ., dissenting.

Judgment reversed.