OGDEN *v.* POPE.

*(Common Pleas of New York City and County, General Term.  March 7, 1892.)*

1. PROMISSORY NOTES—BONA FIDE HOLDER—BURDEN OF PROOF.
    In an action on a promissory note, which is affected with fraud, the burden is on plaintiff to show that he is a *bona fide* holder for value without notice; and hence defendant is entitled to give evidence of the fraud without first proving that plaintiff had notice thereof, and this right is not affected by the fact that plaintiff is allowed to give evidence of *bona fides* while presenting his case in chief.

2. SAME—FILLING BLANK FORM.
    Where the blank form of a promissory note, signed by the maker, and payable to his own order, is delivered to another with authority to fill up the blanks with a limited sum, and he inserts a larger sum, he cannot recover on it even the amount which he was authorized to insert.

Appeal from city court, general term.

Action by Isaac C. Ogden, Jr., against Henry W. Pope on a promissory note. Judgment for plaintiff was entered on a verdict directed by the court, which was affirmed by the general term. Defendant appeals. Reversed.

The action was brought upon the following promissory note:

"$370.14.                    ELIZABETH, N. J., Sept. 14, 1890.

"One month after date I promise to pay to the order of myself three hundred and seventy 14-100 dollars at First National Bank of Elizabeth, N. J.

"Value received.                    HENRY W. POPE."

The defense denied the making of the note and the other allegations of the complaint, and alleged that defendant had delivered a blank form of note, signed and indorsed by him, to one Browne, with authority to Browne to fill up the blanks, and then use the note to obtain money for a specific purpose, and that Browne did not do so, but retained the blank, and afterwards he or some other person, without authority from the defendant, filled up the same so as to make the note described in the complaint, which was afterwards, and before it had any legal inception, discounted at a usurious rate of interest.

Argued before DALY, C. J., and BISCHOFF, J.

*Howard Y. Stillman,* for appellant.  *Charles De H. Brower,* for respondent.

DALY, C. J. The plaintiff testified that he bought the note in suit the day after its date for the sum of $362.64, which was a discount at a rate of interest greater than that allowed by law. He testified that he bought it from one Brower, who was acting as agent for one Klock, and that he knew nothing of any other party. Brower was sworn, and testified that he received the note on the day of its date from Klock, with a request to sell it for him, which he did, receiving plaintiff's check for it, and thereupon remitting his own check to Klock, after deducting his fee of $2.50, and that Klock said nothing to him as to whether he was acting as principal or agent. Plaintiff having rested his case, defendant went on the stand to prove his defense, but, under

objection from plaintiff, was not permitted to state at what time he signed the note, and whether he received any consideration for it. He was then withdrawn, and Klock was called on his behalf, who testified that he first saw the note in possession of one Browne; that it was in blank, and that Browne filled in the blanks at his office, and left it with him as his attorney, and that the witness gave it to Brower to dispose of. Plaintiff proceeded by cross-examination of Klock to show authority in Browne to fill up the note as he did. Klock swore that he had acted as umpire between Browne and the defendant under a written agreement by which they submitted to him all differences between them growing out of their relations together in the Cayuga Lake Park Company and the Seneca Falls & Cayuga Lake Railroad Company, and agreed to abide by his decision as to which of the parties was indebted to the other, and as to the amount due, and that he had decided that defendant was indebted to Browne in the sum of $86.06, his decision being in writing, dated December 2, 1889; that the $86.06 was included in the amount for which the note was filled out by Browne, together with $40 for the witness' services as umpire, $125 for a claim of Browne against defendant for one-half of a bill settled by defendant, in which both the latter were jointly interested, $98 for a violin belonging to Browne, which he had lent to defendant, and $21.10 interest; making an aggregate of $370.14, the amount for which the note was filled up. A letter of defendant to Browne on February 15, 1890, was read in evidence, authorizing the latter to make a note for $86, the amount of the award, at four months from February 15th, with interest from the date of the award at 6 per cent. This letter referred to "other matters," leaving them to Klock to decide, but did not enumerate them, nor provide that they were to be included in the note. A letter from the defendant of September 30, 1890, to the witness Klock questions the latter's bill of $40 for services as referee, if it does not altogether repudiate it. No authority whatever, therefore, from defendant to include in the note any item except the $86.06, the amount of the award, was shown, and defendant then again offered himself as a witness to prove that no such authority was given, and that he did not owe Browne the items mentioned. He also offered letters of Browne offering to return the blank note on the receipt of $86.06. All this evidence was excluded upon plaintiff's objection, and the court, upon plaintiff's motion, ordered a verdict for the plaintiff, denying the defendant's request to go to the jury on the fact whether the plaintiff had shown himself by affirmative proof to be free from the knowledge of the fraud in the note. To the rulings complained of the defendant excepted. All the testimony ruled out was excluded upon the ground that the defendant must show that the plaintiff got the note with full knowledge of the defense, if any, that existed between defendant and Browne.

The trial seems to have been conducted upon an erroneous view of the law as to the burden of proof. The defendant should have been allowed to prove his defense, and the burden would then have been cast upon the plaintiff to show that he had received the note for full value, and without notice of the equities between the original parties. By permitting the plaintiff to offer evidence of this in the first instance, and then shutting out proof of the defense until the defendant could show notice to the plaintiff, the burden of proof as to good faith was wrongfully shifted to the shoulders of the defendant, and he was deprived of the advantage to which he was entitled. *Nickerson* v. *Ruger*, 76 N. Y. 279. The defendant was not bound to prove notice to the plaintiff of the facts connected with the execution of the note. On the contrary, the burden was upon the plaintiff to show that he had no knowledge or notice of the transaction which affected the validity of the paper. *Vosburgh* v. *Diefendorf*, 119 N. Y. 357, 23 N. E. Rep. 801. Another injustice resulted to defendant from the erroneous ruling. He was precluded from offering proof of his defense of usury. He could not enter upon that defense until he had

proved the facts relating to the making and delivery of the note, so as to establish that its first inception was in the discount of it by the plaintiff. To do this he had to prove that Browne was not a *bona fide* holder, having no authority to fill up the note for the sum inserted in it. If it appeared that the first legal inception of the note took place upon its discount by the plaintiff, and that was at a greater rate than legal interest, no recovery could have been had upon it. There is no force in the contention of respondent that the note was enforceable for the full amount in the hands of the plaintiff, because it was enforceable in the hands of Browne for at least the sum of $86.06, he being concededly authorized to fill it out for that amount. It is not probable that Browne could violate his authority by inserting an excessive amount and then recover upon the note for what was actually due him. It was held to be forgery for a person having a blank signature of another which he was authorized to fill up with a check or bill for a limited amount to write one for a larger amount. See cases cited in *Van Duzer* v. *Howe*, 21 N. Y. 537. The case cited by respondent, (*Forman* v. *Wright*, 11 C. B. 481,) was that of a note procured by misrepresentations to the maker as to the amount actually due. A recovery was allowed for the actual sum owing, but in that case the note was the maker's note for the whole amount, and not an instrument which the law characterizes as a forgery, and the defense was in effect merely a partial failure of consideration. The rule is that the maker of a note who delivers it in blank to another with authority to fill up the blanks for a certain amount, and such authority is exceeded, is bound to a *bona fide* transferee for value, but this does not help the case for the plaintiff as it stands; for by the rulings of the court upon the trial the plaintiff, on the strength of his *prima facie* case, was assumed to be a *bona fide* holder, and upon that assumption all evidence in support of the defense was ruled out until the defendant could establish to the contrary. Upon this theory of trying actions upon promissory notes it would not be possible to prove a defense in order to cast the burden of proving good faith where it belongs,—upon the holder of the paper. The judgment must be reversed, and a new trial ordered, with costs to abide the event.