THAMLING, RESPONDENT, *v.* DUFFEY, APPELLANT.

[Submitted July 3, 1894. Decided July 16, 1894.]

PROMISSORY NOTE—*Fraud—Defense—Burden of proof.*—A plea of fraud in the inception of a promissory note constitutes a *prima facie* defense to an action by an indorsee against the maker, and places upon the plaintiff the burden of proving, and therefore of pleading, *bona fides*, which includes a want of knowledge of the alleged fraud.

*Appeal from Sixth Judicial District, Meagher County.*

ACTION on promissory note. Judgment on the pleadings was rendered for the plaintiff below by HENRY, J. Reversed.

*Thompson & Maddox,* for Appellant.

The complaint states enough to show that plaintiff has the bare legal title to the note in suit, but makes no attempt to

allege that he is a *bona fide* holder, for value, without notice of the defects pleaded in the answer, or that he took it in the regular course of business, the only allegation connecting plaintiff with the note being that the payees "indorsed the same to plaintiff." The complaint is not, therefore, sufficient to let in evidence upon the part of plaintiff of his good faith or want of notice. (*Bunting* v. *Mick*, 5 Ind. App. 289; *First Nat. Bank* v. *Ruhl*, 122 Ind. 279.) The rule is well established that upon it being shown that a note sued upon by an indorsee was obtained through fraud, its character as an original obligation is destroyed, and plaintiff must recover, if at all, not upon defendant's contract, but upon something in the nature of an estoppel, founded upon his purchase of the note before maturity, in the regular course of business, for a valuable consideration, in good faith, without notice of the fraud in its inception. His rights resting upon facts other than the execution and delivery of the note, it is incumbent upon plaintiff to allege and prove those facts. The fraud set up in this answer would be sufficient to render the note void, unless in the hands of one who purchased it for value, in the regular course of business, before maturity, in good faith and without notice of its fraudulent inception. These allegations of the answer stand admitted, the denials thereof contained in the replication being frivolous. (Comp. Laws, § 89, p. 82; *Hammer* v. *Edwards*, 3 Mont. 187.) The following authorities, among others, hold that the plaintiff has the burden of proof in such circumstances: Bliss on Code Pleading, § 395; *Beltzhoover* v. *Blackstock*, 3 Watts, 20; 27 Am. Dec. 330; *Lamb* v. *Burke*, 132 Pa. St. 413; *Vosburgh* v. *Diefendorf*, 119 N. Y. 357; 16 Am. St. Rep. 836; *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191; *Stewart* v. *Lansing*, 104 U. S. 510; *Giberson* v. *Jolley*, 120 Ind. 301; *First Nat. Bank* v. *Skeen*, 29 Mo. App. 115; *Suiter* v. *Park Nat. Bank*, 35 Neb. 372; *United States Nat. Bank* v. *Crosley*, 86 Iowa, 633. It is an elementary rule of pleading that the party upon whom rests the burden of proving a certain fact must plead that fact. It was therefore incumbent upon plaintiff to plead good faith, etc., in reply to defendant's allegations of fraud in the inception of the note before he could recover.

(18 Am. & Eng. Ency. of Law, 469; Moak's Van Santvoords Pleadings, 394–564, and cases cited; Bliss on Code Pleading, § 395; *Bunting* v. *Mick*, 5 Ind. App. 289; *First Nat. Bank* v. *Ruhl*, 122 Ind. 279; *Weaver* v. *Barden*, 49 N. Y. 298.) The only allegations of good faith, etc., being found in the replication, and these being by authority of the statute deemed controverted, there was an issue to try, and the court should not have given judgment upon the pleadings.

*Smith & Gormley*, and *Waterman & Callaway*, for Respondent.

The case of *Stewart* v. *Lansing*, 104 U. S. 510, is cited by appellant in support of the proposition that "fraud set up in the answer would be sufficient to render the note void, unless in the hands of one who purchased it for value, in the regular course of business, before maturity, in good faith, and without notice of its fraudulent inception," and that the burden of proving these various matters of good faith would thereby be cast upon the plaintiff. The case fails to bear out the proposition, as will appear from the language of the court on the point in question: "It is an elementary rule that if fraud or illegality in the inception of negotiable paper is shown, an indorsee, before he can recover, must prove that he is a holder for value. The mere possession of the paper, under such circumstances, is not enough." Under this authority, therefore, admitting that defendant's answer sufficiently charged fraud in the inception of the instrument, the plaintiff would simply be required to prove that he was a holder for value. But by the complaint and answer in the case at bar it appears that the plaintiff was a holder for value. The note sued on, as shown by complaint, is negotiable. The complaint then avers "that prior to the maturity of said note, and on, to wit, on or about the first day of April, 1893, the said Hatch Bros. & Co. indorsed the same to the plaintiff." The complaint, therefore, shows: 1. That the plaintiff took the note before maturity; and 2. That the note was indorsed to plaintiff. Now, the term "indorsed," when applied to a negotiable instrument, includes delivery for value to the indorsee. (1 Daniel on Negotiable Instruments, § 667; *Davis* v. *Travis*, 98 Mass. 222;

*Robertson* v. *Hamet*, 19 Ill. 161.) The allegation of indorsement to plaintiff before maturity is not denied by the answer, nor is there any averment whatever by defendant that plaintiff was not a holder of the note for value. In the absence of such a denial or averment in the answer the complaint makes out a case for the plaintiff as required by *Stewart* v. *Lansing*, 104 U. S. 510. The supreme court of the United States has, however, by a line of decisions of much force, established the rule that the holder of negotiable paper before due is not bound to prove that he is a *bona fide* holder, for a valuable consideration, without notice, for the law will presume that, and therefore it is incumbent upon the defendant to establish by way of defense satisfactory proof to the contrary, and thus to overcome the *prima facie* title of the plaintiff. (*Swift* v. *Tyson*, 16 Pet. 1; *Goodman* v. *Simonds*, 20 How. 343; *Murray* v. *Lardner*, 2 Wall. 110; *Angle* v. *N. W. Mut. Life Ins. Co.*, 92 U. S. 341; *Carpenter* v. *Longan*, 16 Wall. 273; *Hotchkiss* v. *Nat. Banks*, 21 Wall. 359; *New Orleans etc. Co.* v. *Montgomery*, 95 U. S. 16; *Cromwell* v. *County of Sac*, 96 U. S. 51; *Swift* v. *Smith*, 102 U. S. 444; *King* v. *Doane*, 135 U. S. 166.) In *Goodman* v. *Simonds*, 20 How. 343, the court quotes approvingly from a number of English cases, affirming the same doctrine, among them being the case of *Uther* v. *Rich*, 10 Ad. & E. 784, where it was held that "the only proper mode of implicating the plaintiff in the alleged fraud by pleading was to aver that he had notice of it." The following authorities also support the doctrine that the indorsee of a promissory note is presumed to be a holder for value, without notice of any infirmities, and the burden of proof is on the party denying that it is so held: *Haight* v. *Joyce*, 2 Cal. 65; 56 Am. Dec. 311; *Palmer* v. *Goodwin*, 5 Cal. 459; *Poorman* v. *Mills*, 35 Cal. 118; 95 Am. Dec. 90; *James* v. *Chalmers*, 6 N. Y. 209; *Magee* v. *Badger*, 34 N. Y. 247; 90 Am. Dec. 691; *Welch* v. *Sage*, 47 N. Y. 146; 7 Am. Rep. 423; *Seybel* v. *Nat. Currency Bank*, 54 N. Y. 288; 13 Am. Rep. 583; *Mechanics and Traders' Nat. Bank* v. *Crow*, 60 N. Y. 85; *Dalrymple* v. *Hillenbrand*, 62 N. Y. 5; 20 Am. Rep. 438; *Voorhees* v. *Fisher* (Utah, Aug. 30, 1893), 34 Pac. Rep. 64; *First Nat. Bank* v. *Emmitt* (Kan., Jan. 6, 1894), 35 Pac. Rep.

213; *Hoats* v. *Aschbach*, 160 Pa. St. 6; *Mann* v. *Second Nat. Bank*, 34 Kan. 746; *Smith* v. *Traders' Nat. Bank*, 74 Tex. 541; *State Savings Assn.* v. *Barber*, 35 Kan. 488; *Hatch* v. *Barrett*, 34 Kan. 223; 1 Daniel on Negotiable Instruments, § 810. The defendant not having raised any issue as to whether the plaintiff took the note for value, and having attempted only to charge fraud or want of consideration in the inception of the instrument, no defense was made out, even though fraud were pleaded. Where fraud or want of consideration is relied upon as a defense the defendant must show affirmatively that the plaintiff participated therein or took the instrument with knowledge thereof. This principle is borne out by the following, in addition to the cases already cited: *Press Co. Limited* v. *City Bank of Hartford*, 58 Fed. Rep. 321; *Forepaugh* v. *Baker* (Pa. St., April 9, 1888), 13 Atl. Rep. 465; *Herman* v. *Gunter*, 83 Tex. 66; 29 Am. St. Rep. 632; *Farthing* v. *Dark*, 111 N. C. 243; *Eames* v. *Crosier*, 101 Cal. 260; *Stein* v. *Keeler*, 4 G. Greene, 86; *Clapp* v. *Cedar*, 5 Iowa, 15; 68 Am. Dec. 678; *Lane* v. *Krekle*, 22 Iowa, 399; *Billingsly* v. *Craddock*, 82 Iowa, 721; *National Bank* v. *Young*, 41 N. J. Eq. 531; *Fairex* v. *Bier*, 37 La. Ann. 821; *Corby* v. *Butler*, 55 Mo. 398; *Greer* v. *Yosti*, 56 Mo. 307; *Davis* v. *Bartlett*, 12 Ohio St. 534; 80 Am. Dec. 375; *Patterson* v. *Wright*, 64 Wis. 289; *Lenheim* v. *Fay*, 27 Mich. 75; Byles on Bills, § 118.

PEMBERTON, C. J.—The complaint in this case alleged that on March 6, 1893, the defendant executed and delivered his negotiable promissory note to Hatch Bros. & Co. for five thousand dollars, with interest, payable five months after date; that on or about the first day of April, 1893, and before the maturity thereof, the said Hatch Bros. & Co. indorsed the same to plaintiff, who, in this action, demands judgment for the amount of said note. In his answer, defendant admits the execution and delivery of said note, as alleged, but resists the recovery of judgment thereon, on the ground of fraud practiced upon him by said Hatch Bros. & Co. in the inception of said instrument. The answer does not allege that plaintiff, the indorser of said note, participated in the alleged fraud, or had

knowledge thereof at the time of the indorsement of said note to him. It is not denied that the fraud alleged in the inception of the note would defeat a recovery thereon in an action by the original holders. The plaintiff filed a replication denying any knowledge of the fraud alleged in the answer. After filing said replication, the plaintiff moved the court for a judgment on the pleadings, on the ground that the answer did not state facts sufficient to constitute a defense. This motion was sustained by the court, and judgment rendered in favor of the plaintiff for the amount of said note and interest. From this judgment this appeal is prosecuted.

The question presented by this appeal is, Was it essential to the sufficiency of the answer that it should allege that plaintiff had knowledge of the fraud alleged in the inception of said note at the time it was indorsed by him? In other words, did the allegation of fraud in the inception of the note, contained in the answer, place the burden of proof of *bona fides* upon the plaintiff, or was the defendant required to allege and prove knowledge of such fraud on the part of plaintiff at the time the note was indorsed to him?

Mr. Bliss, in his work on Code Pleading (2d ed., § 395), says: " In an action upon negotiable paper the defendant may plead fraud or illegality, or that the bill or note was lost or stolen; and it is well settled that in showing such fraud, etc., he makes a good *prima facie* defense, and that the plaintiff must show affirmatively that he is a *bona fide* holder for value. But, in such case, how should the issue be made on paper? Upon principle, every pleader who, in submitting evidence, holds the affirmative of an issue, must plead the facts upon which the issue is made. It is, however, common in pleading fraud, illegality, or other matter going to the validity of a bill or note in the hands of an indorsee, to also aver a want of consideration, and to charge notice. Is this averment necessary? Is it sufficient for the plaintiff to traverse it if made, or should he affirmatively allege the facts he is required to prove? I do not find these questions settled upon authority. In the analogous cases of a bill to enforce an equity against one who has obtained the legal title, whether to land or chattels, it is sufficient for the plaintiff to show the equity; he thereby makes

a *prima facie* case against the world.   A purchaser for consideration without notice will, however, be protected.   In his plea or answer the purchaser of land must aver expressly that the person who conveyed was seised, or pretended to be seised, when he executed the conveyance, and that he was in possession, must state consideration, and its actual payment, and must deny notice, whether it has been averred by the opposite party or not.   The purchaser of stock, if he would defend against a plaintiff's *prima facie* title, must affirmatively state in his answer, and must prove the facts showing that he was a *bona fide* purchaser for value.   In the matter under consideration the plaintiff, after the defendant's showing, can only protect himself by his relation to the paper.   In itself it is good for nothing, but when one has put his name to a negotiable instrument the law merchant, for commercial reasons, will protect the innocent holder, the person who has obtained it in good faith and for value.   As we have seen, he must prove that he has obtained it, as must the holder of a legal title to property as against the holder of an equity.   It would seem, both from analogy and upon principle, that he should be required to affirmatively plead the facts that thus protect him, which he is required to prove, and that the allegation of notice, etc., in the answer is unnecessary."   (And see authorities cited.)

In *Vosburgh* v. *Diefendorf,* 119 N. Y. 357, 16 Am. St. Rep. 836, a case involving the doctrine involved in the case at bar, the court says: "The learned counsel for the plaintiff contends that in this case the burden of proving notice to the plaintiff of the facts connected with the execution of the note, and of the fraud, if any, was upon the defendant, and that, in the absence of such proof by the defendant, the plaintiff was entitled to recover.   We think that this proposition cannot be maintained.   Doubtless some support may be found for it in certain elementary books, and in some of the adjudged cases in other states.   But in this state it must be regarded now as a settled rule that, when the maker of negotiable paper shows that it has been obtained from him by fraud or duress, a subsequent transferee must, before entitled to recover on it, show that he is a *bona fide* purchaser.   (*First Nat. Bank* v. *Green,* 43 N. Y. 298; *Farmers' etc. Bank* v. *Noxon,* 45 N. Y. 762;

*Ocean Nat. Bank* v. *Carll*, 55 N. Y. 440; *Wilson* v. *Rocke*, 58 N. Y. 643; *Grocers' Bank* v. *Penfield*, 69 N. Y. 502; 25 Am. Rep. 221; *Nickerson* v. *Ruger*, 76 N. Y. 279; *Seymour* v. *McKinstry*, 106 N. Y. 240; *Stewart* v. *Lansing*, 104 U. S. 505; *Smith* v. *Livingston*, 111 Mass. 342; *Sullivan* v. *Langley*, 120 Mass. 437.) The plaintiff did not satisfy this rule by showing that he paid value for the note; it was necessary, in order to entitle him to recover, to go further, and show that he had no knowledge or notice of the fraud with which the instrument was tainted from its origin."

In *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191, a recent and well-considered case, the court of appeals of New York say: "The plaintiff claims that the proof showing it purchased the notes before maturity, paying value therefor, conclusively establishes its character as a *bona fide* holder, and entitles it to recover, in the absence of proof showing that it had notice or knowledge of facts constituting a defense to the action. The plaintiff's contention eliminates the element of good faith from the transaction, and assumes that the language, 'a holder for value,' as used in the authorities, is satisfied by proof that the notes were purchased before maturity, and value paid therefor. We think this contention is contrary to the weight of authority in this state, even if it is not wholly unsupported by it. The payment of value for negotiable paper is a circumstance to be taken into account, with other facts, in determining the question of the *bona fides* of the transaction, and, when full value is paid, is entitled to great weight; but that fact is never conclusive, except in the absence of evidence tending to show notice of bad faith. Those who seek to secure the advantages which the commercial law confers upon the holders of bank bills and negotiable paper must bring themselves within the conditions which the law prescribes to establish the character of a *bona fide* holder. They are entitled to the benefits of that rule only when they have purchased such paper in good faith, in the usual course of business, before maturity, for full value, and without notice of any facts affecting the validity of the paper. This has been the law in this state since the case of *Bay* v. *Coddington*, 5 Johns. Ch. 54; 20

Johns. 637. The fact that they took the paper before maturity, and paid the full value thereof, in the absence of other facts, undoubtedly affords a presumption of the good faith of the transaction; but where it further appears that such property has been fraudulently or illegally obtained from its owner or maker, and under such circumstances that the person putting it in circulation could not maintain an action thereon, it is incumbent upon the holder, in order to succeed, to go further, and show the circumstances under which it came into his possession, and that he has acted in good faith in the transaction. What constitutes good faith in such transactions has been the subject of frequent discussion in the books; and, while differences of opinion may exist on some points, there is perfect uniformity among them upon the point that a want of good faith in the transaction is fatal to the title of the holder, and that gross carelessness, although not of itself sufficient, as a question of law, to defeat title, constitutes evidence of bad faith. The requirement of good faith is expressed in the very term by which a holder is protected, and is fundamental in the maintenance of the character claimed to be protected. (1 Parsons on Notes and Bills, 258.) . . . . A sufficient number of authorities have been cited to show the uniformity with which the cases in the highest courts of the state hold that, upon proof by the defendant that his obligations have been fraudulently or illegally obtained, and put in circulation, the person seeking to recover upon them must show, not only that he bought before maturity and paid value, but also the circumstances under which he acquired the paper, with the view of enabling the jury to determine whether he acted in good faith or not. It makes no difference, in the question presented, whether the plaintiff pursues the orderly course of first presenting and proving his note, relying upon the presumptions of *bona fides* which accompany the possession of the paper, and delays making proof of the circumstances of his purchase until after the defendant gives evidence of his defense, or, as in this case, he makes the proof of such circumstances as part of his affirmative case. The burden of making out good faith is always upon the party asserting his title as a *bona fide*

holder, in a case where the proof shows that the paper has been fraudulently, feloniously, or illegally obtained from its maker or owner.   Such a party makes out his title by presumptions, until it is impeached by evidence showing the paper had a fraudulent inception; and, when this is done, the plaintiff can no longer rest upon the presumptions, but must show affirmatively his good faith.   The question of law involved in this case was considered in the case of *Vosburg* v. *Diefendorf,* 119 N. Y. 360, 23 N. E. Rep. 801, and there received the unanimous approval of the court."

In *Stewart* v. *Lansing,* 104 U. S. 505, Mr. Chief Justice Waite, speaking for the court says: "It is an elementary rule that, if fraud or illegality in the inception of negotiable paper is shown, an indorsee, before he can recover, must prove that he is a holder for value.   The mere possession of the paper under such circumstances is not enough.   (*Smith* v. *Sac Co.,* 11 Wall. 139.)   Here the actual illegality of the paper was established.   It was incumbent, therefore, on the plaintiff to show that he occupied the position of a *bona fide* holder before he could recover."

It cannot be said that the authorities are uniform or harmonious upon the questions involved in this case.   But we are of the opinion that the authorities cited contain the better and sounder reason on the questions involved.   It might frequently occur that a defendant in such a case would be powerless to allege or prove knowledge in the plaintiff of the fraud which tainted the note sued on, at its inception—this knowledge being peculiarly within the breast and possession of the plaintiff—whereas it would very rarely be a hardship upon an indorsee to require him to show his *bona fides* by proving the circumstances and facts under which he became the owner and holder of the paper on which he sues.   From the foregoing authorities and consideration we are of the opinion that the allegation of fraud in the inception of the note sued on, contained in the answer, contained a *prima facie* defense, and placed the burden of proving *bona fides,* which includes a want of knowledge of the fraud alleged, upon the plaintiff in this case; and, if so, the burden of pleading such want of knowledge was upon him, necessarily.   It therefore follows

that the action of the trial court in rendering judgment on the pleadings was error.

The judgment is reversed, and the cause remanded for trial.

*Reversed.*

HARWOOD, J., and DE WITT, J., concurred:

