(28 Misc. Rep. 479.)

### HUNTER et al. v. BATTERSON.

(Supreme Court, Appellate Term.　July 26, 1899.)

ACTION ON CHECK—FRAUD IN PROCUREMENT.

> In an action on a check by an indorsee, defendant in his answer alleged that it was obtained by the payee by fraud. *Held*, that where no change in the pleadings was asked for by plaintiff, defendant could show that it was obtained by fraud, placing the burden on plaintiff not only to show that he paid value for the check, but that he had no knowledge of the fraud.

Appeal from city court of New York, general term.

Action by Arthur M. Hunter and others against James G. Batterson, Jr.　Judgment for plaintiffs.　From an order of the general term reversing the judgment (58 N. Y. Supp. 396), plaintiffs appeal.　Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Allan Robinson, for appellants.

Phillip Carpenter, for respondent.

MacLEAN, J.　The plaintiffs brought this their action to recover the amount of a check drawn to the order of one Schmidt by the defendant, in Concord, N. H., upon the Mechanics' National Bank, presumably of that place and state, and which check the plaintiffs, who were partners and bankers, acquired in the not unusual course of indorsing the check for an acquaintance of a member of the firm, and procuring it to be cashed at the bank where they kept their own account.　The check was not paid, because payment was stopped by the defendant, and it came back with a protest.　The partner who testified for the plaintiffs said that he had known Schmidt for 10 or 12 years; that he had cashed checks for the defendant, considered him perfectly good, but had not been able to find him since the day of the transaction; that he was not at all acquainted with the defendant, and had no knowledge whether his check was good or bad. In his answer the defendant alleged that the check was obtained from him by said Schmidt by means of false and fraudulent representations.　As if to prove this defense, he was asked by his counsel to state the circumstances under which he made a delivery to Mr. Schmidt of the check, to which question it was objected that, whether the allegation above quoted from the answer were true or not, it was immaterial, unless it were shown that value had not been paid for

the paper, or that it had been taken in bad faith; and that the latter defense was shut out because not pleaded; and then, after the statement by defendant's counsel that he wished to ask Mr. Batterson under what circumstances this check was drawn and given to Mr. Schmidt, an objection to which as immaterial was sustained, the defendant's counsel asked, "Were you induced to give this check by representations which you have since ascertained to be false and fraudulent?" To this plaintiffs' counsel simply interposed an objection, without stating any grounds therefor, and the court sustained it, "unless knowledge is brought home to the other side," to which ruling the defendant duly excepted. This ruling was erroneous, and for it the judgment which was entered upon a verdict directed by the court was properly reversed by the general term. The plaintiffs went to trial without asking any change in the pleadings, and so were in poor position to oppose the introduction of evidence pertinent to the defense set up in the answer. As they did not object at the trial that the proposed evidence was unwarranted by the pleadings, they may not avail themselves of it now and here. They could not have proper evidence of the alleged fraud excluded without they had conclusively established that they were purchasers of the check bona fide. This requirement was not met by showing that they had paid value for the check. They had to go further, and show that they had no knowledge or notice of the fraud, if any, with which, as claimed, the check was tainted from its origin. Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801. Whether or not such showing could be made effectively before the defendant had given his evidence of the alleged fraud, the plaintiffs failed to fulfill their task. Their only evidence was the testimony of an interested party, who did not repeat the statements of Schmidt, the payee, or testify that he had neither knowledge nor notice of the circumstances attending the utterance of the check. The reversal of the judgment at trial term was right, and the order of the general term entered thereon should be affirmed, with judgment absolute to be entered against the appellants upon the stipulation contained in their notice of appeal.

Order and judgment affirmed, with judgment absolute for respondent. All concur.

FREEDMAN, P. J. (concurring). In excluding the defendant's proposed evidence as to the fraud by means of which he was induced to make and deliver to E. P. Schmidt the check sued upon, the trial judge clearly erred. The defendant's answer, after denying in some form or other all of the material allegations of the complaint except the making of the check, alleged as a distinct defense that the said check had been obtained from him by the said E. P. Schmidt by means of false and fraudulent representations. At the trial no point was made that said defense was insufficiently pleaded because the facts constituting the alleged false and fraudulent representations had not been sufficiently set forth. If the question had been specifically raised, the defendant might have obtained relief in some way. But it was not raised, and the defense was treated by both court and counsel as sufficiently pleaded. Moreover, the question

does not appear to have been presented to the general term of the city court. Under these circumstances the point should not be seized by this court for the purpose of reversing the determination of the general term of the city court. The rule is well settled that, where a party seeks to rely upon a defect in the pleadings which renders it improper to receive evidence relating to a defense or cause of action sought to be established, it is necessary to call the attention of the court to the defect, and a mere general objection will not raise any such question. Numerous authorities might be cited in support of this rule, but a reference to Menke v. Gerbracht, 75 Hun, 181, 26 N. Y. Supp. 1097, is quite sufficient. Another rule equally well settled, and supported by authorities too numerous to be mentioned, is that an appellate court, in examining the question whether a ruling of the court below on an objection to evidence is correct or not, will not consider any other grounds of objection to the evidence than those urged in the court below. By particularizing an objection, the other party may be thrown off his guard, and hence the objecting party must stand upon the ground taken at the trial. Defendant's proposed evidence as to the fraud practiced upon him in obtaining the check from him was excluded on the specific objection sustained by the trial judge that such evidence was immaterial unless knowledge or notice was brought home to the plaintiffs, and that the defendant stood precluded from giving proof of such knowledge or notice because he had not pleaded it. This ruling cannot be sustained. Knowledge of a fact cannot well be established before it is shown what the fact was. Moreover, under the denials of the answer and the plea of fraud set up therein, the defendant had a clear right to prove any fact showing or tending to show that the plaintiffs, on obtaining the check from E. P. Schmidt, did not become bona fide holders for value paid on the faith thereof, and by means thereof to cast, if he could, the burden upon the plaintiffs to establish by a preponderance of evidence that, after all, they were bona fide holders for value, which burden they could only discharge by establishing that they paid full value on the faith of the check, and that they had no knowledge or notice of the fraud. Nickerson v. Ruger, 76 N. Y. 279; Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801. For the foregoing considerations the general term of the city court was right in reversing the judgment based upon the verdict directed by the trial judge in favor of the plaintiffs, and in ordering a new trial, and consequently the judgment and order should be affirmed, with costs, and judgment absolute should be rendered against the plaintiffs and in favor of the defendant upon the stipulation contained in the notice of appeal, with costs to the defendant in all the courts.

Judgment and order affirmed, with costs, accordingly.