## SIEGEL v. OEHL et al.

### (Supreme Court, Appellate Term.   June 5, 1908.)

1. BILLS AND NOTES—VALIDITY—DURESS—BONA FIDE HOLDERS.
    If a note is originally obtained by duress, holders thereof are entitled
    to the benefit of the rule protecting a bona fide holder only if they have
    purchased the note in good faith, in the usual course of business, before
    maturity, for full value, and without notice of any facts affecting its
    validity.

2. SAME—ACTIONS—PROCEDURE.
    In an action on a note claimed to have been obtained by duress, plain-
    tiff should produce the note, prove the indorsements and the making of
    the note, and rest, thereby establishing a prima facie case, and then de-
    fendant should be permitted to prove his defense of duress, after which
    it would be necessary for plaintiff to prove that he is a bona fide holder
    of the note for value before maturity.

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by Edward A. Siegel against Frederick Oehl and others.
Judgment for plaintiff, and defendants appeal.   Reversed, and new
trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GER-
ARD, JJ.

Einstein, Townsend & Guiterman (M. S. Guiterman, of counsel),
for appellants.

Wetherhorn & Link (Mitchell Wetherhorn, of counsel), for re-
spondent.

GERARD, J.   The action was brought to recover the sum of $285
on a promissory note made by the defendant Oehl to the order of
the defendant Neustadtl, and indorsed by him and one Sontag to
the plaintiff.   The testimony of the defendant, among other things,
set up that the note was given to Neustadtl for an amount in excess
of his claim against plaintiff, and that it was given under duress.
Upon the opening of the case the plaintiff gave testimony as to his
ownership of the note.   He testified that one Morck, a lawyer, sold
him the note.   Morck had at times acted as plaintiff's lawyer.   In
discounting the note for his lawyer, plaintiff received interest at the
rate of 5%0 per cent. per annum.   Plaintiff testified that he kept a
bank account, but paid the amount of this note in cash.   Plaintiff
testified that he knew that Morck came from Neustadtl.   The de-
fendant offered evidence, under his defense of duress, with regard
to the execution of the note.   On plaintiff's objection this evidence
was ruled out.

If a promissory note is originally obtained by duress, holders of
such paper are entitled to the benefit of the rule protecting a bona
fide holder only when they have purchased such paper in good faith,
in the usual course of business, before maturity, for full value, and
without notice of any facts affecting the validity of the paper.   Vos-
burgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep.
836; Canajoharie Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402,

10 L. R. A. 676. Proper method of procedure in a case of this kind is for the plaintiff to produce the note, prove the indorsements and the making of the note, and rest, thereby establishing a prima facie case, and for the time being his own title and right to recover, and the defendant's liability. The defendant should then be permitted to prove his defense of duress, if he can; and it is then necessary for the plaintiff to prove that he is a bona fide holder of the note for value before maturity. Nicherson v. Ruger, 76 N. Y. 279; Ogden v. Pope (Com. Pl.) 18 N. Y. Supp. 140.

It is claimed in this case that the exclusion of the evidence offered by defendant under his defense of duress was not error, because the plaintiff in his testimony had proved that he was a bona fide holder; and plaintiff cites the case of American Exchange National Bank v. N. Y. Belting, etc., Co., 148 N. Y. 706, 43 N. E. 168. But in that case the defendant offered its evidence under its defense that plaintiff in that case had taken the note with full notice and knowledge of the fact that it had been diverted from the purpose for which it had been made and delivered, and the plaintiff by the cross-examination of one of defendant's witnesses proved conclusively that he was a bona fide holder. We think that a new trial should be had of this case, especially in view of testimony of the plaintiff as to the manner in which he acquired the note sued on.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.