MATTESON, RESPONDENT, *v.* TRASK, APPELLANT.

(No. 4,715.)

(Submitted March 18, 1922.  Decided April 17, 1922.)

[206 Pac. 428.]

*Negotiable Instruments—Bank Checks—Stoppage of Payment—*
*Complaint—Insufficiency—Burden of Proof—Fraud—Failure*
*to Reply—Rebuttal—Instructions.*

Bank Checks—Stoppage of Payment—Action by Indorsee—Complaint—Insufficiency.
    1.  In an action to recover on a bank check, payment of which had
been stopped by the drawer, absence of allegation in the complaint
that plaintiff indorsee was the owner or holder of it at the time
the action was commenced rendered the pleading insufficient to state
a cause of action.

Same—Fraud—Holder in Due Course—Burden of Proof.
    2.  Under section 8466, Revised Codes of 1921, where, after plaintiff indorsee had made out a *prima facie* case, defendant (drawer)
produced evidence tending fairly to prove that the payee had obtained
the check through fraud, the burden shifted to plaintiff to prove
every fact necessary to show that he was a holder in due course,
among them: that he took it in good faith and for value, failing
in which he was not entitled to recover.

Same—Fraud—Failure to Reply—Rebuttal Testimony—Inadmissibility.
    3.  Failure of plaintiff to allege in his reply the facts which constituted him a holder in due course barred him from introducing rebuttal testimony to the effect that when he received the check from
the payee he had no knowledge of the fraud pleaded by defendant
and did not know for what purpose it had been given.

Same—Uniform Negotiable Instruments Law—Instructions.
    4.  In instructing the jury in actions on negotiable instruments,
courts should, whenever possible, employ the text of the Uniform
Negotiable Instruments Law rather than ancient or newly created
phrases the meaning of which is uncertain or the use of which may
confuse the jury.

*Appeals from District Court, Yellowstone County; S. C.*
*Spencer, Judge.*

ACTION by C. E. Matteson against M. F. Trask.  From judgment for plaintiff and an order denying a new trial, defendant
appeals.  Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. Wm. V. Beers,* for Appellant.

In order that plaintiff might prove that he was a holder in due course, for value, and without notice of defects, it was necessary for him to allege in his pleadings that he was the holder of the check in question in due course of business, for value, without notice of defects, all of which plaintiff failed to allege. (*Thamling* v. *Duffey,* 14 Mont. 567, 43 Am. St. Rep. 658, 37 Pac. 363; *Harrington* v. *Butte & Boston Mining Co.,* 27 Mont. 1, 69 Pac. 102; *Union Collection Co.* v. *Buckman,* 150 Cal. 159, 119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (n. s.) 568, 88 Pac. 708.)

As far as the testimony shows, plaintiff paid nothing for the check in question; plaintiff parted with nothing of value in return for the check in question. Plaintiff by his pleadings does not claim that he paid value for the check. While the law, as a general proposition, presumes that plaintiff paid value for the check in question, yet when defendant alleged and proved fraud and deceit in the inception of the giving of the check in question, the burden of the proof is shifted to plaintiff, and he is required to allege and prove that he is the holder of the check in question, in due course, for value, and without notice of defects. (1 Parsons on Notes and Bills, 188, 189; 1 Daniels on Negotiable Instruments, 6th ed., 171.)

*Mr. Guy C. Derry,* for Respondent.

Appellant contends that the plaintiff should have pleaded the facts necessary to show that he was a holder in due course. It is indisputable that it was not necessary to do this in the complaint. Plaintiff contends that the denial in his reply of the fraud set up in the answer put the burden of proving such fraud upon the defendant and thereby placed the same at issue. If plaintiff had admitted the allegations of fraud in his reply, then it would have been necessary for him to have pleaded additional facts to show he was a holder in due course,

but not otherwise. When, however, it was shown by evidence upon the trial of the case that there was fraud as between the maker and the payee to come within the terms of section 5907 of the Revised Codes of 1907, the burden of proving that he was a holder in due course, then and not until then, shifted to plaintiff and he was required to show that he was a holder in due course. The answer set up a defense, which even though the allegations were true, and even if the plaintiff had not filed a reply at all, would not be a complete defense, and defendant would not be entitled to any affirmative relief thereby. Where the answer merely contains new matter by way of defense, an issue is raised thereon by operation of law. If a reply was not needed at all, it was certainly not necessary to plead additional facts in the reply to defendant's answer, where there was no reply needed. (Sec. 6858, Rev. Codes; *Brophy* v. *Downey,* 26 Mont. 252, 67 Pac. 312; *Babcock* v. *Maxwell,* 29 Mont. 510, 74 Pac. 64; *Caruthers* v. *Pemberton,* 1 Mont. 111; *Hammer* v. *Edwards,* 3 Mont. 187; *Arnold* v. *Passavant,* 19 Mont. 575, 49 Pac. 400.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

It is alleged in the complaint in this action that on November 19, 1918, defendant drew his check upon the American National Bank of Helena for $200, payable to the order of Peter Herzog, and on the same day delivered it to the payee; that Herzog indorsed the check to plaintiff; that plaintiff caused it to be presented for payment promptly; that payment was refused by direction of the drawer; and that the check has never been paid. The answer admits the execution and delivery of the check, and that it was duly presented for payment; that it has not been paid; and that defendant stopped payment upon it. By way of special defense, it is alleged that the check was procured by Herzog through fraud—the facts constituting the fraud being set forth at length—and that, if it

was transferred to plaintiff, it was accepted by him with full knowledge of the fraud.

In his reply, plaintiff denied that he had any knowledge or information sufficient to form a belief as to the truth of the allegations of fraud, and otherwise denied generally the allegations of new matter contained in the answer.

Upon the trial plaintiff identified the check, and testified that Herzog indorsed it to him on November 20, 1918. The check was then introduced in evidence, and plaintiff rested. Defendant testified to the facts which tended to establish the fraud pleaded in the answer, and rested. In rebuttal plaintiff testified, over objection, that at the time he received the check from Herzog he did not have any knowledge of the fraud, and that he did not know for what purpose the check had been issued. This constitutes a synopsis of all the evidence.

The court gave instruction 2 at the request of defendant and instruction 3 at the instance of the plaintiff. Those instructions follow:

"(2) The court instructs the jury that after it has been shown that fraud or deceit was practiced upon the maker of a negotiable instrument at its inception, the burden of proof is then cast upon the holder of such instrument to show that he is a *bona fide* holder of such instrument, for value, and without notice of the defects.

"(3) You are instructed that the defendant by making the check in question engaged to pay it according to its terms, and admitted the existence of the payee and the capacity of the payee to indorse the check to the plaintiff, and if you find that plaintiff came into possession of said check in due course of business without knowledge of any defects in the title of the indorser whether there was such defect or not, then your verdict should be for the plaintiff for the full amount prayed for in the complaint."

A verdict was returned in favor of the plaintiff for the amount of the check, with interest thereon, and from the judgment which followed and from an order denying a new trial defendant appealed.

1. The complaint does not state facts sufficient to constitute [1] a cause of action. It is not alleged that plaintiff was either the owner or holder of the check at the time this action was commenced, which was more than two months after the check was issued. (*J. I. Case Threshing M. Co.* v. *Simpson*, 54 Mont. 316, 170 Pac. 12.)

2. The evidence does not support the verdict. Plaintiff [2] made out a *prima facie* case by identifying the check, introducing it in evidence, and proving that it was indorsed to him on the day after it was issued; but when defendant produced evidence tending fairly to prove that Herzog obtained the check through fraud, the burden then shifted to plaintiff, and it became incumbent upon him to show by a preponderance of the evidence that he was a holder in due course. Section 8466, Revised Codes of 1921 (N. I. L., section 59), provides: "Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title." This section but restates a rule of the law-merchant which has been recognized in this country for more than a century. (*Campbell* v. *Fourth Nat. Bank*, 137 Ky. 555, 126 S. W. 114.)

In order to discharge the burden imposed by the statute, it was incumbent upon plaintiff to prove every fact necessary to constitute him a holder in due course. Section 8459, Revised Codes of 1921 (N. I. L., sec. 52), defines a holder in due course as follows: "A holder in due course is a holder who has taken

the instrument under the following conditions: 1. That it is complete and regular upon its face; 2. That he became the holder of it before it was overdue, and without notice that it has been previously dishonored, if such was the fact; 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Conceding that the evidence is sufficient to show the check is complete and regular upon its face, that plaintiff became the holder before it was overdue, that it had not been previously dishonored, and that at the time it was negotiated to him plaintiff did not have notice of any defect in Herzog's title, still the burden was not discharged, for there is not even a scintilla of evidence that plaintiff took it in good faith or that he parted with anything of value for it. The last sentence of section 8466, Revised Codes of 1921 (N. I. L., sec. 59), above, has no application to the facts of this case.

Error is predicated upon the ruling of the trial court [3] admitting plaintiff's rebuttal testimony. Plaintiff was charged with notice, by the special defense pleaded, that if evidence tending to establish that defense was forthcoming, he would be required to assume the burden of proving that he was a holder in due course if he would prevail; hence it became necessary for him to allege in his reply the facts which constituted him such holder in order to admit proof of the facts. This rule of pleading was recognized in the early case of *Thamling* v. *Duffey*, 14 Mont. 567, 43 Am. St. Rep. 658, 37 Pac. 363, and we are not disposed to depart from it. It is approved by Bliss on Code Pleading, section 395, and by the courts of Alabama and Indiana. (*Tatum* v. *Commercial Bank,* 185 Ala. 249, 64 South. 561; *Wilson* v. *National Fowler Bank,* 47 Ind. App. 689, 95 N. E. 269.) For lack of a proper pleading the rebuttal evidence should have been excluded.

In passing, we direct attention to the confusing terms [4] employed in the instructions above. The concluding

words of instruction 2, ''a *bona fide* holder of such instrument for value and without notice,'' are not synonymous with ''holder in due course,'' though evidently intended to convey the same meaning; and we are unable to determine whether the phrase ''in due course of business,'' employed in instruction 3, was intended to comprehend the element of value. The efficiency of the Uniform Negotiable Instruments Law will be advanced and needless errors avoided by employing the text whenever possible, rather than ancient or newly created phrases the meaning of which is uncertain, to say the least.

For the reasons given, the judgment and order are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.