## RIDGWAY v. GRACE et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. CONSIDERATION OF CONTRACT—DETRIMENT TO PROPERTY.
   The detriment to the promisee which suffices as a consideration for a contract must be a detriment on entering into the contract, not from the breach of it.
2. SAME—CONTRACT BY UNAUTHORIZED AGENT.
   A promise by a party holding a fund as agent, made without the authority of his principal, to pay out of the fund a debt of the principal, is not, without more, upheld by a sufficient consideration to support an action by the promisee, although from reliance on the promise he suffers injury.
3. SAME—STATUTE OF FRAUDS.
   Such a promise is within the statute of frauds, and, it so appearing on the face of the complaint, the defense is available, though not pleaded.

(Syllabus by the Court.)

Appeal from trial term.

Action by James Ridgway against William R. Grace, Horace J. Moody, and Charles R. Flint. Defendants had judgment, and plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Ira Shafer, for appellant.

William L. Turner, for respondents.

PRYOR, J. As the case does not purport to contain all the evidence, we are confined, on this appeal, to a review of errors of law by the trial court. Meislahn v. Englehard, 20 N. Y. Supp. 900, (recently decided.) Stating the case in the aspect most favorable to the appellant, it is that G. W. Smith & Co., having a judgment against J. P. O'Sullivan, as drawer of an unaccepted bill of exchange, assigned the draft and judgment to the appellant; that the appellant applied to the respondents to reserve out of a fund of O'Sullivan's, coming into their hands as his agents, sufficient money to pay the judgment, and they promised so to pay the judgment; that O'Sullivan never authorized them to make such promise or payment; that, in consequence of such promise, appellant forebore any effort otherwise to collect the judgment; that respondents received the fund on account of O'Sullivan, but, instead of paying the judgment out of it, appropriated it to O'Sullivan himself, and to the satisfaction of their own claims against him. The question is whether the respondents, by their neglect to pay appellant's judgment, violated his legal right? Or, more directly, was respondents' promise to pay the judgment of any legal force or effect? That to the existence of a valid contract a consideration is indispensable is an elementary principle; and equally elementary in our law is the other proposition: that a moral obligation, not surviving an extinct legal duty, is not such a consideration as will support an assumpsit. A consideration is a thing of some benefit, or legal possibility of benefit, to the promisor, or a thing of some prejudice, or legal possibility of prejudice, to the promisee. Now, it is obvious beyond the chance of mistake that neither the engagement to pay the judgment nor its actual payment by the respondents could be

of any possible benefit to them. It is answered, however, that the neglect of the appellant to pursue the judgment debtor in reliance on the promise of the respondents was such a detriment to him as constituted a legal consideration for their promise. Assuming that because of such reliance appellant miscarried in the collection of the judgment, and still no legal consideration is apparent to uphold the promise of the respondents; for the prejudice which avails as a competent consideration for a promise "must be a prejudice on entering into the contract, not a prejudice from the breach of it." Broom, Com. Law, (3d Ed.) 315, 316; Gerhard v. Bates, 2 El. & Bl. 487, 488; Crowther v. Farrer, 15 Q. B. 677, 680. It is clear that since, in accepting the promise of the respondents, the appellant did not engage to abstain from any effort or to forego any means to collect the judgment, he incurred no detriment on entering into the agreement; and that whatever inconvenience or injury he has suffered ensued only from a breach of the agreement. Manifestly the violation of a gratuitous promise may result in the ruin of the promisee relying on it, e. g. to take up the note of a friend; and yet, though great the disappointment, and disastrous the consequence to the promisee, he can assert no right of action for the breach of such an engagement. This, upon appellant's testimony, is precisely the case at bar. Relying, as he says, on the voluntary promise of the respondents, he relinquishes all effort to collect his judgment, and in consequence it is an irretrievable loss to him: and yet he has to blame, not any erroneous conception of the law by the trial court, but only his own misplaced confidence. We may compassionate, but cannot redress, his grievance. As already stated, the argument proceeds on a concession of the facts as claimed by the appellant, but it is due to the respondents to add that the learned trial judge finds their promise, in legal effect, conditional on the consent of O'Sullivan, which was never given; and that the evidence justified the inference that Mr. Grace himself made no promise, nor knew of any on his behalf. It being clear beyond question that the promise at the bottom of this action was a mere gratuitous undertaking of no legal force or effect, the judgment for the respondents was the necessary conclusion of law. We are of the opinion, furthermore, that the action cannot be maintained, because founded on an oral promise to pay the debt of another. The argument of Rapallo, J., in Ackley v. Parmenter, 98 N. Y. 425, 433, completely covers the case, and shows to demonstration that the statute of frauds is a defense to the action. If it be objected that the statute is not pleaded, we answer that it is apparent on the complaint that the promise was oral and collateral, and so the defense is available, though not pleaded. Porter v. Wormser, 94 N. Y. 431, 450; Wells v. Monihan, 129 N. Y. 161, 29 N. E. Rep. 232. The plea of the statute of limitation presents a more difficult and doubtful question, but, since the action fails for other fundamental defects, we are dispensed from the consideration of this defense. The claim that Smith & Co. assigned to appellant an interest in the fund in the hands of the respondents is invalid, because Smith & Co. did not pretend to assign any such interest, and because they had no such interest to assign. The ground upon which the learned trial

judge placed his decision may also be fatal to the appeal, namely that, it being the duty of the respondents to pay the money over to their principal, O'Sullivan, any engagement between them and the appellant in fraud and defeat of that duty would be an illegal contract, and so not enforceable.   Judgment affirmed, with costs.   All concur.