CHARLES MENKE, Appellant, *v.* ERNEST W. GERBRACHT, Impleaded, etc., Respondent.

*Defect in an answer — when not available on appeal — general objection insufficient — retiring and continuing partners — effect of an extension of the time for the payment of a firm debt — burden of proof.*

An alleged defect in the allegations of an answer is not available on appeal where no objection was taken thereto on the trial.

Where a party relies upon a defect in the pleadings which renders it improper to receive evidence relating to a defense or a cause of action sought to be established, it is necessary to call the attention of the court to the defect, and a mere general objection will not raise any such question. It is only where there is no possibility of avoiding the ground of the objection that a general objection will be allowed to prevail and will justify a reversal of a judgment.

Where a co-partnership is dissolved, and one of the partners retires, and the other receives all the assets and assumes all the liabilities, the relation between the two partners becomes that of principal and surety, and a creditor of the firm may be compelled to consider them as such; under which circumstances an extension of time for the payment of a debt given to the continuing partner, without the consent of the retiring partner, releases the retiring partner.

In case a surety is called upon to pay the debt of his principal, and he alleges an extension to his principal of the time to pay the debt, it is not necessary for him to prove that he did not consent to such extension; the creditor must establish that such extension was given with the consent of the surety.

APPEAL by the plaintiff, Charles Menke, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 19th day of April, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office *nunc pro tunc* as of the 13th day of April, 1893, denying the plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*E. W. S. Johnston*, for the appellant.

*R. L. Maynard*, for the respondent.

VAN BRUNT, P. J.:

The complaint in this action alleged that the defendants were co-partners at the times thereinafter mentioned under the firm name

of Gerbracht & Co., and that said firm made their promissory note, in writing, bearing date the 7th day of May, 1890, whereby they promised to pay to the order of the plaintiff, four months after date, the sum of $350; that at maturity it was duly presented for payment and payment demanded, which was refused, and judgment for the amount of the note, with interest and protest fees, was thereupon demanded.

Various defenses were set up by the defendant Ernest W. Gerbracht, only one of which it is necessary to consider, and that is that on or about the 5th of June, 1890, the co-partnership theretofore existing between the defendants was dissolved, and the other defendant assumed all the assets and liabilities of the co-partnership, of which plaintiff had due notice; and that thereafter, and when said alleged note became due, the plaintiff made no demand for the payment thereof from this defendant, but accepted an extension from the other defendant, and that he also, by accepting other extensions of other notes, manifested an intention to wholly look to the other defendant herein.

It is urged that there was no plea in the answer that there was a valid extension of time given by the plaintiff to the remaining partner after notice of dissolution, and that the remaining partner had assumed the debts and liabilities of the co-partnership and thereby discharged the retiring partner, and that, therefore, it was error upon the part of the judge to send the issue, which he did, to the jury. And, furthermore, it was urged that there was no evidence or allegation that there was any extension of time *without the consent of the retiring partner.* If there is any defect in the allegations contained in the answer it is not available upon this appeal because no such objection was taken upon the trial. It is true that certain evidence was objected to as immaterial and incompetent, but there was no suggestion that there was any deficiency in the pleadings to raise the defense sought to be established, viz., extension. And it is to be noted that when any specific ground was stated as showing that the evidence was immaterial, irrelevant or incompetent, it was that the evidence did not refer to the note in suit, not that if it did so refer it was incompetent under the pleadings. Where a party seeks to rely upon a defect in the pleadings which renders it improper to receive evidence relating to a defense or a

cause of action sought to be established, it is necessary to call the attention of the court to the defect, and a mere general objection will not raise any such question. It is manifest that such should be the rule because errors of that kind may be cured by the allowing of amendments to the pleadings. And it is only where there is no possibility to avoid the ground of the objection that a general objection will be allowed to prevail and reverse a judgment.

It is further urged upon the part of the appellant that it was necessary for the defendant to allege and prove that the extension was *without the consent of the retiring partner.* It is well established that where a co-partnership is dissolved and one partner retires, and the other receives all the assets and assumes all the liabilities, the relation between the two partners becomes that of principal and surety, and the creditors of the firm may be compelled to treat them as such. Under these circumstances, any extension of time for the payment of a debt given to a continuing partner, without the consent of the retiring partner, releases the retiring partner, upon the principle that a surety is released where an extension is given to his principal without his consent. But in case a surety is called upon to pay the debt, and he alleges an extension of time to pay the debt to his principal, it is not necessary for him to prove that he did not consent. It is necessary for the creditor to establish that such extension was by and with the consent of the surety. The extension, as already stated, discharges the surety unless he has consented. And when the surety proves the extension he is discharged unless the creditor can prove consent. The surety is not bound to prove a negative ; the creditor is bound to establish the affirmative.

Therefore, in the case at bar, if there was evidence to go to the jury upon the point that the plaintiff, knowing of the dissolution of the firm, extended the time of payment of the firm indebtedness to the continuing partner, and the jury so found, an assent to such extension is not established ; the retiring partner is discharged. And that was the issue which was submitted to the jury, the real issue presented being the contention upon the part of the plaintiff that in the extension which was made to the continuing partner the note in suit was not included. That seems to be the only issue which was really litigated, and the exceptions point entirely to such issue.

The court charged the jury that if they found that the note in

FIRST DEPARTMENT, JANUARY TERM, 1894.        [Vol. 75.

suit was included in the settlement which was under consideration, and the plaintiff received from the continuing partner his notes for the balance found due, that they should find a verdict for the defendant Ernest W. Gerbracht. And this was excepted to. This exception was taken in different forms, but that was the issue which seems to have been tried, the plaintiff claiming that the note for $350 was not included in the settlement, but the defendant establishing by evidence about which there can be no contradiction that it was so included, the plaintiff being absolutely unable to account for the amount of the notes received from the continuing partner, if it had not been included.

It was claimed by the plaintiff upon the termination of the evidence that the note in suit was not in any way identified with the settlement, the note mentioned in the settlement bearing date the twelfth of May, whereas this was dated the seventh. But there was evidence to the effect that there was but one note given in May, and the figures of the settlement demonstrate the fact that the $350 note was the one in suit, the plaintiff not even pretending that he had received a note dated the twelfth of May. And in his complaint he does not allege that he received the note on the seventh of May, although it was dated on that day.

It is now urged for the first time that there was no evidence that, at the time of the settlement in question, the plaintiff knew of the dissolution of the firm, and that error was committed in the admission of the copy of a postal card announcing such dissolution. It is not necessary to consider the objection, because the plaintiff himself testified that he knew when Ernest Gerbracht left the firm, and that it was in June, and that he received notice of the dissolution, and had left it at home. It is difficult to see how a claim can be made under these circumstances that there was no proof as to when the plaintiff knew of this dissolution, unless the appellant's counsel intends to challenge the evidence of his own client upon this point.

Upon the whole case we can see no ground for the position taken by the appellant. The proof was ample and convincing that the note in suit was included in the settlement, the claim made by the plaintiff, that it could not be included in the settlement and was **not** so included, being apparently wholly without foundation.

The judgment and order appealed from should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.