LAURA STEVEN, Respondent, *v.* JOHN B. LORD, as Executor, etc., of THOMAS B. ROBB, Deceased, Appellant.

| 84   353 |
| 146a  398 |

*Promissory note made by a firm — assumed by one partner — a primary liability created thereby — effect of payments made thereon.*

The sole surviving partner of a firm, which was the maker of a promissory note, becomes the principal debtor thereon by consenting that the holder of the note should release the personal representatives of one of the former members of such firm from liability thereunder, and by assuming the payment of the firm debts upon the withdrawal from the firm of his other co-partners.

The partners who withdraw from the firm under such circumstances still remain liable to the holder of the note, but their liability is that of sureties to the principal debtor, and the relation between the sole surviving partner and the withdrawing partners imposes upon the former the obligation of indemnity; under such circumstances, it is clearly the right of the holder of the note to look to the sole surviving partner or his estate for the payment of the note, and it is within the power of the withdrawing partners to compel the holder of the note to treat such surviving partner as the principal debtor.

The rule that the estate of a deceased partner cannot be subjected to the payment of the partnership debts until after the remedies against the surviving partners shall have been exhausted is inapplicable to such a case.

The legal effect of a payment of principal or interest is unchanged by the Code of Civil Procedure, and it operates as an acknowledgment of the continued

existence of the demand; it is not of itself either a promise or a contract, but it is a deliberate act which constitutes a clear recognition of the existence and validity of the demand from which a promise to pay the same may be implied. It is an admission that there is a subsisting debt which the debtor is willing to pay.

APPEAL by the defendant, John B. Lord, as executor, etc., of Thomas B. Robb, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of July, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Thenford Woodhull,* for the appellant.

*William T. Gilbert* and *Jasper W. Gilbert,* for the respondent.

DYKMAN, J.:

This is an action upon a promissory note, of which the following is a copy:

"$15,000 00-100.                NEW YORK, *January* 16, 1878.

"Two years after date we promise to pay to the order of Mrs. Laura Steven fifteen thousand dollars, with interest, at rate of seven per cent per annum. Value received.

"No. 304.   Due.                W. B. HUNTER & CO."

The persons composing the co-partnership firm of W. B. Hunter & Co. at the time of the execution of the note were Hunter, Robb, Wykes and Steven. Wykes retired from the firm in 1879, and Steven retired in 1880. Each relinquished his interest in the partnership business and assets upon an agreement of the remaining partners that they would assume and pay all the debts and discharge all the liabilities of the firm.

Hunter died in 1888, and the plaintiff, with the assent of Robb, Wykes and Steven, released Hunter's personal representatives from all liability upon this note in suit. Robb died in July, and this action is brought against the defendant as the personal representative of Robb.

The claim of the plaintiff upon the note was presented to the defendant as such executor, and rejected.

One of the defenses set up against the note is the Statute of Limitations, and to meet that defense the plaintiff proved, upon testimony that remained undisputed, that Robb made payments on

account of the interest upon this note every year between July, 1880, and July, 1892. The note matured January 19, 1880, and none of the payments after that date were as large as the sum due for interest when they were made.

The cause was tried before a judge without a jury, and he found the foregoing facts and decided the case in favor of the plaintiff. The defendant has appealed from the judgment entered upon such decision.

It is to be observed, in justification of the action against the defendant, that his testator Robb at the time of his death was the sole surviving partner of the firm of W. B. Hunter & Co. By his transactions with his co-partners and his consent to the release of the personal representatives of Hunter, he became the principal debtor upon the note.

It is true that Wykes and Steven remained yet liable to the plaintiff upon the note, but their liability was that of sureties for Robb. (*Savage* v. *Putnam*, 32 N. Y. 501.)

The relation between Robb and the other two imposed upon him an obligation of indemnity, and under such circumstances it was the clear right of the plaintiff to look to his estate for the payment of her note. In fact, it was within the power of Wykes and Steven to compel the plaintiff to treat Robb as the principal debtor. (*Menke* v. *Gerbracht*, 75 Hun, 181; *Colgrove* v. *Tallman*, 67 N. Y. 95; *Matter of Dawson*, 59 Hun, 242.)

If the severe rule of the common law would discharge the estate of Robb by reason of his death from the joint liability imposed upon him by this note, equity will perpetuate his liability. (*Barnes* v. *Seligman*, 55 Hun, 339; *Barnes* v. *Brown*, 130 N. Y. 372.)

It must be remembered that this action is upon a joint obligation, and the makers of the note were joint contractors and became joint debtors; the rule of law laid down in the above cases and others is, therefore, applicable.

Moreover, the defendant's testator had not only become the principal debtor of the plaintiff, but he had by his voluntary action relinquished all claim against Wykes and Steven and the estate of Hunter also. When Wykes and Steven retired from the firm Hunter and Robb remained and assumed the payment of all the liabilities. Then the two latter became liable to pay the note of

the plaintiff, and when Hunter's estate was released by the plaintiff with the assent of the other three, Robb became solely liable for the payment of the note of the plaintiff, without any right of contribution against the other makers.

Under this peculiar state of facts, therefore, the result is that the rule which provides that the estate of a deceased partner cannot be subjected to the payment of partnership debts until after the remedies against surviving partners shall have been exhausted, is inapplicable to this case.

It remains now to determine the legal effect of the payments of interest upon the note by the testator of the defendant; for without such payments the remedy upon the note would have been barred by the Statute of Limitations.

As we have already observed, payments on account of interest were made by Robb at different times down to 1892, and the testimony brings the case fairly within the recent rule laid down by the Court of Appeals in the case of *Crow* v. *Gleason* (141 N. Y. 489).

The payments were made for interest upon the note in suit with the full knowledge that they were to be so applied, and under circumstances which manifest a full recognition of the note as an outstanding unpaid obligation.

The legal effect of a payment of principal or interest is unchanged by the Code of Civil Procedure, and it operates as an acknowledgment of the continued existence of the demand. It is not of itself either a promise or a contract, but it is a deliberate act which constitutes a clear recognition of the existence and validity of the demand from which a promise to pay the same may be implied. It is an admission that there is a subsisting debt which the debtor is willing to pay. (*Shoemaker* v. *Benedict*, 11 N. Y. 185.) The case of *Van Kuren* v. *Parmelee* (2 N. Y. 523) has no application to this case, because here the payments were made by the person whose personal representative is sought to be charged.

The judgment should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.