(19 Misc. Rep. 683.)

## GRIFFIN v. HUNGERFORD.

(Onondaga County Court. March, 1897.)

COUNTERCLAIM—CLAIMS IN DIFFERENT RIGHTS.

Defendant in an action for goods sold to him by plaintiff alleged that theretofore goods had been sold to him by a firm of which plaintiff was a member; that the firm had dissolved, plaintiff taking its property and assuming its debts; that defendant gave plaintiff individually a note in settlement of his indebtedness to the firm; that the note was afterwards paid; that at the time of giving such note plaintiff agreed to pay any mistake in the accounts of the firm; and that by mistake the note was given for more than was actually due. *Held*, that defendant was entitled to set off such excess against the claim sued on.

Appeal from justice court.

Action by Norris Griffin against George S. Hungerford. There was a judgment in favor of plaintiff for $202.57, damages and costs, and defendant appeals. Reversed.

George B. Warner, for appellant.
W. S. Rogers, for respondent.

ROSS, J. Complaint for goods sold and delivered. Answer, with other matters, alleges that prior to March 2, 1896, the plaintiff and one Kemp were co-partners; that such co-partnership had previously sold defendant a quantity of goods; that said co-partnership dissolved prior to March 2, 1896; that plaintiff took the partnership property upon such dissolution, and assumed the partnership debts; that on March 2, 1896, the defendant gave to the plaintiff individually a note of $225, in settlement of the claims which said firm had had at that time against the defendant, which note, after one renewal, was paid, and the money received by the plaintiff; that, at the time of making said note, the plaintiff assumed and agreed to pay any mistakes in the account of said firm; that, by mistake, said note was given for a much larger sum than was actually due the said firm, which amount the defendant sought to offset against the claim of the plaintiff. Upon the trial the claim of the plaintiff was proved without opposition; and upon the cross-examination of the plaintiff, and upon the direct examination of the defendant, the defendant sought to establish the facts which he alleged in his answer. All inquiries with reference to the partnership account were excluded. The notes were also excluded. Inquiries as to the plaintiff's taking the firm property were excluded; also the question whether he had agreed to pay the debts of the firm; also whether on March 2, 1896, at the time of making the said note, the plaintiff was individually the owner of the firm account; also whether the plaintiff at that time agreed to rectify any mistakes in the amount of the note; and other questions of the same character were excluded. No evidence was offered as to the amount of the mistake claimed by the defendant.

It is claimed by the plaintiff that this evidence was inadmissible, because it only tended to prove a claim against the firm of Griffin & Kemp. It could not be offset against an individual claim in favor of Griffin. If Griffin assumed debts of the firm, and received its assets,

he became in equity the principal debtor, and the retiring partner a surety (Menke v. Gerbracht, 75 Hun, 181, 26 N. Y. Supp. 1097; Steven v. Lord, 84 Hun, 353, 32 N. Y. Supp. 309; Colgrove v. Tallman, 67 N. Y. 95; George, Partn. 382); that retiring partner need not be joined. If the plaintiff, at the time the note was given, agreed to rectify any mistakes, he may have become individually liable by the agreement, providing the other requisites of a contract existed. In a proper case, a set-off of the amount due from a firm will be allowed against an amount due to a partner. Shipman v. Lansing, 25 Hun, 290. The merits of the defendant's claim and the effect of delay in asserting it are matters for the trial court. For the errors complained of, judgment must be reversed, with costs.

Judgment reversed, with costs.