(37 Misc. Rep. 496.)

### AMEND v. BECKER et al.

(Supreme Court, Appellate Term.　March, 1902.)

1. PARTNERSHIP DEBT—NOTE OF INDIVIDUAL PARTNER.

The holder of a firm note, who agrees with a partner to release one of them and accept the personal liability of the other, who thereupon indorses the note as an individual, may enforce such note without first having recourse to the firm assets.

2. SAME—RELEASE OF PARTNER—CONSIDERATION.

Where a firm note has been indorsed by both partners, each partner is individually liable to the creditor; and a subsequent promise by the creditor to release one partner, and accept the other individually, is based on no sufficient consideration.

Appeal from municipal court, borough of Manhattan.

Action by Edward B. Amend against Aaron Becker and Isaac Mishkin.　From a judgment of the municipal court in favor of defendants, plaintiff appeals.　Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Hoadly, Lauterbach & Johnson (F. R. Minrath and P. J. Rooney, of counsel), for appellant.

Joseph Wilkenfeld, for respondents.

GIEGERICH, J.　The defendants, doing business under the firm name of Becker & Mishkin, made the following promissory note:

"$33ºº/₁₀₀.　　　　　　　　　　　　　　New York, April 1st, 1897.

"Thirty-five months after date we promise to pay to the order of Ed. B. Amend thirty-three ºº/₁₀₀ dollars, with interest at 6% per annum, at 214 Delancey street, New York City.　Value received.

"Becker & Mishkin."

—and indorsed as follows:

"Aaron Becker.
"Isaac Mishkin."

The note was one of a series aggregating upwards of $2,000.

The pleadings were in writing.　The complaint alleged the making of the note, the individual indorsement thereof by each of the defendants, and the delivery of the same to the plaintiff, the presentation for payment at maturity and the default in the payment thereof.

The defendant Becker put in no answer, but the defendant Mishkin pleaded two defenses:　First, that, subsequent to the execution and delivery of the note sued upon, the defendants dissolved their copartnership, making an agreement at the same time that the defendant Becker was to assume payment of all notes, including the one in suit, and that subsequent to such payment the plaintiff, for a valuable consideration, released the defendant Mishkin from all liability, and agreed to accept the defendant Becker as "individually accountable."　The second defense was that the plaintiff, after the agreement referred to, reduced the amount of the various notes from $33 to $22, and the rate of interest from 6 per cent. to 4 per cent.　Upon the close of the case the plaintiff moved for judgment

on the ground "that the alleged verbal conversation is void for want of consideration to Edward B. Amend, and that the second written instrument is void for want of consideration." The motion was denied, but the trial justice withdrew from the consideration of the jury the second defense, and submitted the case to them solely upon the question whether there was a release of the defendant Mishkin by the plaintiff upon the note in suit. The plaintiff duly excepted, and the jury rendered a verdict in favor of the defendant Mishkin, and the plaintiff now brings on this appeal.

The only argument of the appellant which need be considered proceeds upon the claim that a distinction exists, as to the personal liability of a partner, between a case where he has not and one where he has individually indorsed the copartnership note. In the former case he is personally liable only after the copartnership assets have been exhausted, while in the latter case he is so liable, whether such assets have been exhausted or not. From this it follows that where a creditor agrees with the copartners that he will release one, and accept the personal liability of the other, he receives a consideration for such release; that consideration being the immediate and primary liability to him of one of the partners, and the consequent right to enforce payment from that partner without first having recourse to the copartnership assets. Ludington v. Bell, 77 N. Y. 138, 140, 33 Am. Rep. 601; Lyth v. Ault, 7 Exch. 669, 671. Where both the copartners are indorsers, however, this liability of both already exists, and consequently there is no consideration for an agreement to release either. See Harrison v. Close, 2 Johns. 448, 449, 3 Am. Dec. 444. It does not appear in the· cases cited by the respondent (Colgrove v. Tallman, 67 N. Y. 95, 23 Am. Rep. 90, and Hanks v. Gerbracht [Sup.] 26 N. Y. Supp. 1097) that there was any such indorsement, nor has any case been called to our attention where such was the fact.

It should, perhaps, be added that no consideration, in the legal sense, is found in the circumstance that the ,defendant suffered, as is claimed, a loss in consummating the dissolution after the interview with the plaintiff. Ridgway v. Grace, 2 Misc. Rep. 293, 21 N. Y. Supp. 934. Moreover, there is no evidence whatever that the detriment, if any, was suffered at the instance of the plaintiff, which would be an essential element of the case. 6 Am. & Eng. Enc. Law (2d Ed.) 688; Stewart v. Trustees, 2 Denio, 403, 408; Hamilton College v. Stewart, 1 N. Y. 581.

It results from the views above expressed that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.