## SCHMITT v. GREENBERG.

(Supreme Court, Appellate Term.   April 10, 1908.)

**1.** PARTNERSHIP—DISSOLUTION—EFFECT AS TO CREDITORS.

On dissolution of a partnership and assumption of partnership debts by one of the partners, with notice thereof to the creditor, such partner becomes the principal debtor and the other partner surety.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 725.]

**2.** PRINCIPAL AND SURETY—DISCHARGE OF SURETY—NEGLIGENCE OF CREDITOR.

Though the general rule is that leniency extended to the principal debtor without the surety's consent releases the surety, yet delay in efforts to enforce collection of a debt from January to July will not be held such an extension of time of payment as to discharge the surety, where it does not appear when payment was due, what circumstances caused the delay, whether there was any express extension, or whether the delay was with the surety's consent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, §§ 312–328.]

**3.** BANKRUPTCY—CLAIMS AGAINST ESTATE—SECURED CLAIMS—DISCLOSURE OF SECURITY—"SECURED CREDITOR."

A creditor of a partnership, which has been dissolved and the debts thereof assumed by one of the partners, thereby constituting him the principal debtor and the other partner surety, is not a secured creditor, within the meaning of the bankruptcy act, and is not required to disclose the suretyship of the other partner.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 6385.]

**4.** SAME—EFFECT OF DISCHARGE AS TO SURETIES.

Under Bankr. Act July 1, 1898, c. 541. § 16, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3429]. providing that the liability of a person as surety for a bankrupt shall not be altered by the discharge of such bankrupt, where a partnership has been dissolved and the debts thereof assumed by one of the partners, thereby constituting him the principal debtor and the other partner surety, a discharge of the principal debtor does not relieve the surety from liability for the balance due.

**5.** PRINCIPAL AND SURETY—RIGHTS OF SURETY—SUBROGATION.

Where a creditor of a partnership, which has been dissolved and the debts thereof assumed by one of the partners, thereby constituting him the principal debtor and the other partner surety, has proved the debt in bankruptcy against the principal debtor, the surety may have himself subrogated to the creditor's rights on paying the balance due on the debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Principal and Surety, §§ 17, 18.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph B. Schmitt against Abraham Greenberg. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Isidore Witkind, for appellant.

Sol. A. Cohn, for respondent.

PER CURIAM. The agreed statement of facts is as follows, viz.: Between February 7, 1905, and January 31, 1906, the defendant and one B. M. Shaine were partners in business under the firm name and

109 N.Y.S.—56

style of B. M. Shaine & Co. Between January 23, 1906, and January 30, 1906, plaintiff sold and delivered to said firm goods of the agreed price and value of $170.17, which is the subject-matter of this action. On January 31, 1906, the said firm was dissolved, and B. M. Shaine assumed the payment of all the liabilities of the firm, including said debt of $170.17 to plaintiff, and on the same day plaintiff was duly notified of such dissolution of the firm and such assumption of the liabilities thereof by said Shaine. Subsequent to such dissolution and notice thereof the plaintiff continued to sell goods to said Shaine, although no part of said existing debt of $170.17 was paid. On July 10, 1906, said Shaine owed plaintiff $2,829.67, in addition to the said previous indebtedness of $170.17. On said 10th day of July, 1906, said Shaine was duly declared a bankrupt. Plaintiff appeared in the bankruptcy proceedings as an unsecured creditor, and filed and proved a single claim of $2,999.84, being composed of the said previous debt of $170.17 and of the subsequent debt of $2,829.67. Plaintiff in the bankruptcy proceeding made no disclosure of the liability of the defendant herein, Greenberg, for the said $170.17, as a member of the then existing firm of B. M. Shaine & Co., to whom the goods were sold, for which the said sum of $170.17 was due. Thereafter plaintiff received from the trustee in bankruptcy of said Shaine, by way of dividend, the sum of $480.23, which is all that he will receive, as there are no further assets in the hands of the trustee out of which any further dividends can be paid. Plaintiff thereupon brought this action against defendant for the sum of $170.17, and obtained a judgment for $163.19, damages, and costs. Defendant appeals.

At the time of the sale of the goods, in January, 1906, both Shaine and defendant became liable, as copartners, to plaintiff for the said sum of $170.17; but upon the dissolution of the firm and the assumption of the liabilities of the same by Shaine, with due notice thereof to plaintiff, Shaine became the principal debtor and defendant became surety for the payment of the debt. Reed & Barton v. Ashe, 18 App. Div. 501, 46 N. Y. Supp. 126; McLoughlin v. Bieber, 41 App. Div. 561, 58 N. Y. Supp. 790; Griffin v. Hungerford, 19 Misc. Rep. 683, 44 N. Y. Supp. 1054. The general rule is that leniency extended to the principal debtor, without the knowledge and consent of the surety, releases the latter from his liability; and appellant urges that in delaying efforts to enforce collection of the debt from January to July plaintiff gave such an extension of time of payment as operated to extinguish the obligation of the surety. In the case at bar the agreed statement of facts is absolutely silent as to when payment became due, as to what circumstances caused the delay, as to whether there was any express extension of time, and as to whether or not the delay was with the knowledge and consent of defendant. If defendant wished to avail himself of the objection under consideration, he should have presented sufficient facts to enable the court to intelligently pass upon the same. We are not disposed to interfere with the finding of the court below in favor of plaintiff upon the point here raised.

The proving of the claim in bankruptcy against Shaine does not bar this action. Plaintiff was not a secured creditor, within the meaning of the bankruptcy act, as there was no lien held by him or accruing to

his benefit on the property of the bankrupt, and therefore he was not required to disclose the suretyship of defendant for the debt. Collier on Bankruptcy (6th Ed.) p. 437. The discharge of the principal in bankruptcy does not relieve the surety from liability for the balance due. Bankr. Act July 1, 1898, c. 541, § 16, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3429] ; Witthaus v. Zimmermann, 91 App. Div. 202, 205, 86 N. Y. Supp. 315; Collier on Bankruptcy (6th Ed.) p. 212.

· The court below has credited defendant upon the claim in suit with a proportionate share of the dividends received by plaintiff from the trustee in bankruptcy, and, as plaintiff has proved this debt in bankruptcy, defendant may have himself subrogated to the rights of plaintiff upon paying the balance due on this claim (In re Dillon [D. C.] 100 Fed. 627), although, as we have seen, no more dividends can be obtained, as no further assets remain in the hands of the trustee.

We see no good reason for disturbing the judgment, which should be affirmed, with costs.

Judgment affirmed, with costs.