WILLIAM SIEGEL, Respondent, *v.* SPEAR AND COMPANY, Appellant.

First Department, March 11, 1921.

Bailments — authority of agent to make contract — agreement by bailee to insure property — liability of bailee where property lost by fire without insurance — measure of damages — sufficiency of evidence.

The agreement made by defendant's agent to store, free of charge, and obtain insurance on the furniture of the plaintiff which the latter had bought from the defendant on monthly installments, was binding on the defendant, since the act was within the apparent scope of the agent's authority and the defendant accepted the goods and stored them without compensation, and did not suggest that the agent did not have power to make the agreement.

The abandonment by the plaintiff of his purpose to insure the goods in storage, in reliance on defendant's promise to do so was a sufficient consideration for defendant's promise, and furthermore, both had an interest in the property and the insurance was for their mutual benefit and this alone would have supported the promise to insure.

Accordingly, the furniture having been burned while in defendant's possession, it was liable to the plaintiff for the damage suffered by him.

As there was no proof that the plaintiff had actual notice that the defendant had not insured the furniture, and as notice cannot be implied from the failure of the defendant to send a bill for the premium which it stated it would do, the measure of damage is the value of the property up to the amount of the insurance which the defendant was to procure.

Evidence that the furniture was in first class condition and that furniture generally had increased in value since the purchase from fifty to seventy-five per cent was sufficient proof to justify the amount of the verdict. The jury had the right to take into consideration the purchase prices of new furniture at the time of the sale and at the time of the fire, and make such allowance for depreciation as they thought the evidence warranted.

SMITH and DOWLING, JJ., dissent, with opinion.

APPEAL by the defendant, Spear and Company, from a determination and order of the Appellate Term, entered in the office of the clerk of the county of New York on the 10th day of December, 1919, affirming a judgment of the City Court of the City of New York.

*Alfred A. Walter* of counsel [*Edwin R. Wolff* with him on the brief; *Walter, Wolff & Fertig*, attorneys], for the appellant.

*Gilbert M. Levy* of counsel [*Cohen Brothers*, attorneys], for the respondent.

PAGE, J.:

The plaintiff purchased from the defendant, a dealer in furniture, certain household furniture for the purchase price of $909.25 of which $100 was paid on account and two chattel mortgages given to the defendant to secure payment of the balance which was to be paid in monthly installments. The plaintiff had paid in all $295 including the May installment. In May, 1918, the plaintiff, desiring to remove from the city for the summer months, applied to the defendant for leave to remove and store the furniture pursuant to the requirements of agreement of sale. He saw McGrath, the defendant's credit man, through whom the plaintiff had purchased the furniture. McGrath arranged with the plaintiff to store the furniture in the defendant's warehouse, and agreed to store it free of charge. The furniture was removed to the defendant's warehouse and on June 15, 1918, was destroyed by fire. This action was brought to recover the sum of $295, the value of plaintiff's interest in the furniture over and above the unpaid amount of the chattel mortgages of the defendant upon an alleged agreement of the defendant to obtain insurance on the furniture against loss by fire, which defendant failed to perform. The defendant denied the making of such agreement and upon trial denied McGrath's authority to make the agreement to obtain insurance on the furniture. It is further argued on this appeal that such agreement was without consideration.

McGrath made the agreement to store the furniture, as agent for the defendant, and the defendant accepted the goods and stored them without compensation and did not suggest that he did not have power to make that agreement. It was within the apparent scope of his authority to make any agreement that might relate to such storage. The insurance of the property during storage was suggested by him. Plaintiff's evidence, which was accepted by the jury, was that when the plaintiff said he would have the furniture insured by an agent of his acquaintance, McGrath offered to take out the insur-

ance, as the defendant, having a large amount of insurance, could secure it cheaper, and to send the bill for the premium with the bill for the June installment. The plaintiff's abandonment of his purpose to insure, in reliance on the defendant's promise, was a sufficient consideration for the defendant's promise. Furthermore, both had an interest in the property and the insurance was for their mutual benefit. This alone would have supported the promise to insure. The jury returned a verdict for the plaintiff for $275. He was entitled to receive as his damage the value of the furniture, less the amount he owed the defendant on account of the purchase price. There was no proof that the plaintiff had actual notice that the defendant had not insured the furniture. No demand had been made for the payment of the June installment, and notice cannot be implied from failure to send a bill for the premium. Under such circumstances, the measure of damage is the value of the property up to the amount of insurance which the defendant was to procure. (*Marconi Wireless Tel. Co.* v. *Universal T. Co., Inc.,* 194 App. Div. 272.) The plaintiff testified that McGrath said he would take out insurance for the full amount. While the furniture had been in use, there was evidence that it was in first class condition and not marred or scratched. The price of furniture had increased since the purchase of this furniture fifty or seventy-five per cent, according to defendant's testimony. For these reasons, defendant's criticism that there was nothing in the proof to justify the amount of the verdict is unwarranted. The question was one of value, and the jury had the right to take into consideration the purchase price of new furniture at the time of the sale and at the time of the fire, and make such allowance for depreciation as they thought the evidence warranted.

The determination of the Appellate Term should be affirmed, with costs.

CLARKE, P. J., and GREENBAUM, J., concur; DOWLING and SMITH, JJ., dissent.

SMITH, J. (dissenting):

I am unable to find any consideration for the promise upon which plaintiff has recovered. In the prevailing opinion

consideration is found, first, in the abandonment of the plaintiff's purpose to insure in reliance upon defendant's promise to procure the insurance. This is an application of what is spoken of in the text books as a promissory estoppel. In Williston on Contracts (§ 139) the doctrine is discussed, and it is there said: "Doubtless there are reasons of justice for enforcing promises which have led the promisee to incur any detriment on the faith of them, not only when the promisor intended, but also when he should reasonably have expected such detriment would be incurred, though he did not request it as an exchange for his promise. Students of the Civil Law usually select the technicalities of the English and American law requiring consideration to validate a simple contract, for particular animadversion; and there is not infrequently observable in the decisions of American courts in cases of hardship an impatience with the requirement and an effort to enlarge the boundaries of enforceable promises. If this sentiment should find general expression, it may fairly be argued that the fundamental basis of simple contracts historically was action in justifiable reliance on a promise — rather than the more modern notion of purchase of a promise for a price, and that it is a consistent development from this early basis to define valid consideration as any legal benefit to the promisor or legal detriment to the promisee given or suffered by the latter in reasonable reliance on the promise. Such a definition eliminates the necessity of a request by the promisor for the consideration. The proposition is by no means without intrinsic merit, but it should be recognized that if generally applied it would extend liability on promises, *and that at present it is opposed to the great weight of authority.* A class of cases where a genuine estoppel exists must be distinguished from those discussed in this section."

In Story on Contracts (5th ed. § 548) the rule is stated: "But in order to render an injury to the promisee a good consideration, it must be an injury upon entering into the contract and not from the breach of it." (See *Ridgway* v. *Grace,* 2 Misc. Rep. 293; *Korn* v. *Weir,* 88 N. Y. Supp. 976.)

The plaintiff was abandoning his apartment. The defendant stored the goods upon which it had a chattel mortgage as a gratuitous bailee, for which it was to charge no compensa-

tion. In the bill of sale originally given of the property was a notice to the plaintiff *for his own protection* to have the furniture insured against loss by fire. In the chattel mortgage returned to the defendant was a provision requiring the consent of the defendant to the removal of the goods at any time. The promise sued upon was not to insure the goods for the benefit of the defendant or of the parties jointly. The plaintiff had held the property for nine months and had placed no insurance whatever upon the property. I am unable to find as a consideration of the promise any benefit to the promisor or detriment to the promisee other than the failure to insure in reliance upon the defendant's promise, which, under the authorities cited, constitutes no consideration for the promise " under the great weight of authority." The answer to the plaintiff's claim of consideration would seem to be that the plaintiff was not authorized to rely upon the defendant's promise to insure, made without consideration.

In the prevailing opinion further consideration is found in the fact that both the plaintiff and defendant were jointly interested in the property. Neither in the bill of sale nor in the chattel mortgage was there any agreement of the plaintiff to insure the property for the benefit of the defendant and the suggestion contained in the bill of sale was that the plaintiff insure the property for his own benefit alone. The defendant apparently relied upon the responsibility of the plaintiff and was satisfied therewith. The defendant had the right to insure its own interest in the property independently of any interest of the plaintiff. To promise to insure, therefore, as alleged and proven gives no benefit to the defendant, nor was there any legal detriment to the plaintiff requested as " the price of the promise." The promise, therefore, made without price, created no legal obligation on the part of the defendant and for the violation thereof the plaintiff has no right of action.

The judgment should be reversed and judgment directed for the defendant upon its counterclaim.

DOWLING, J., concurs.

Determination affirmed, with costs.